# REPORTS.

## CHITTENDEN COUNTY.

### JANUARY TERM, 1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief-Justice.*
    "   JACOB COLLAMER,
    "   ISAAC F. REDFIELD, } *Assistant Justices.*
    "   MILO L. BENNETT,

### ALLEN *v.* OGDEN & CATLIN.

Where the payee of a joint and several promissory note sued one of the signers, obtained a judgment and committed him to jail, and the debtor gave a bond to the sheriff for his admission to the liberties of the jail yard, and the other signer of the note purchased the judgment and took an assignment of it and of the creditor's interest in the jail bond, to himself, and, after such purchase, the imprisoned debtor left the jail limits;—
Held,—that the purchase was a payment of the debt and that no action could be maintained upon the jail bond.
Where the joint debtor was N. B. Jun. and the assignment was made to N. B. it may be left to the triers to determine whether the same person was intended.

DEBT upon a jail bond, given by defendants to plaintiff as sheriff of Chittenden county, for the admission of the defendant, Ogden, to the liberties of the jail yard, who had been committed to jail by virtue of a writ of execution, issued on a judgment recovered before Amos Blodget, a justice of the peace, on the 24th of December, 1832, in favor of Frederick Orvis and Morton Cole, against the defendant, Ogden, for $30,79 damages and $1,45 costs.

CHITTENDEN,
January,
1840.

Allen
v.
Ogden & Cat-
lin.

The defendants pleaded, in substance,

1. That said Ogden had not broken the condition of said bond.

2. That the said judgment was rendered by said justice, on a joint and several promissory note given to said Orvis & Cole, partners in trade, and signed by the defendant, Ogden, and one Nathaniel Blood jr. ; that after said Ogden was committed to prison and after the giving of the jail bond and before any breach thereof, to wit; on the 28th of October, 1835, the said Nathaniel Blood, jr., as a joint promissor with said Ogden, paid said Orvis & Cole the full amount of said judgment and all costs.

3. That the defendants, after the giving of said bond, and before the commission of any breach thereof by said Ogden, to wit; on the 28th of October, 1835, paid said judgment and all costs to said Orvis & Cole.

The plaintiff, in his replication to said second plea, traversed the payment of said judgment and costs by said Nathaniel Blood, jr., as a joint promissor with said Ogden.

The replication to the third plea, traversed the payment of said judgment and costs by the defendants. Issues to the court.

Upon the trial in the county court, the execution of the bond was admitted by the defendants, and a breach of it in 1837.

The defendants, to support the issues on their part, offerin evidence a copy of the said justice Blodget's record of the judgment against the defendant, Ogden, set forth in the plaintiff's declaration, from which it appeared that the suit in which said judgment was rendered, was brought by said Orvis & Cole, partners in business, upon a joint and several promissory note, signed by the defendant, Ogden, and Nathaniel Blood, jr.

The defendants also offered in evidence an assignment of said judgment, of which the following is a copy.

" I hereby assign and set over to Nathaniel Blood, 'a certain judgment in favor of Orvis and Cole *vs.* William 'Ogden, rendered before Amos Blodget, Justice Peace, De-'cember 24th, 1832 for $30,79, $1,45, and also the whole 'benefit of the jail bond taken on said execution, he, the said 'Blood, having paid me for the same. October 28, 1835.

'For the firm of Orvis & Cole, F. Orvis."

It was admitted that F. Orvis, who signed said assignment, was one of the firm of Orvis & Cole.

The defendants contended that said record and assignment were *prima facie* evidence to support the issues on their part, but the court decided that they furnished no evidence to maintain the issues for the defendants, and rendered a judgment for the plaintiff. The defendants excepted.

*C. D. Kasson*, for defendants.

The payment of the money by Blood, a joint promissor with Ogden, was payment of the judgment, and enured to Ogden, and Catlin his surety. 9 Cowen's R. 128. *Peters v. Price*, 8 Mass. R. 398.

If Catlin were compelled to pay, he would be entitled to all the securities of Orvis & Cole against Ogden & Blood, as he is surety for, and entitled to indemnity from both. *Warner v. Hall*, 5 Vt. R. 156. 9 Cowen's R. 128.

The bond is to be treated as collateral to the original note, as it respects the judgment creditor and Catlin.

To give the writing, signed by Orvis, the most favorable construction for the plaintiff, it is evidence of a satisfaction of the bond by Blood, and sustains the plea of payment. *Packard v. Hill*, 7 Cowen's R. 444–5. 1 Hawkes N. C. Rep. 4. *Cutter v. Whittemore*, 10 Mass. R. 442.

*Maeck & Smalley*, for plaintiff.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The court below adjudged that the testimony introduced by the defendants furnished no evidence to support the issues on their part, and, in this, we think they erred. The evidence was certainly *prima facie* sufficient for that purpose.

The suit, which was on a jail bond executed by the defendant, Catlin, on the admission of the defendant, Ogden, to the liberties of the jail, though brought in the name of Allen, the sheriff, was for the benefit of the creditors named in the execution. The evidence introduced proves that the judgment on which the execution issued was on a note in favor of Orvis & Cole, against Ogden and Nathaniel Blood jr.— Ogden and Blood were joint debtors to Orvis & Cole. A payment by either extinguished the debt and neither could purchase nor take an assignment of the debt, and pursue it

CHITTENDEN, against the other. Catlin, who signed the jail bond, stands in
January, the relation of surety to both Ogden & Blood, and, if com-
1840.
pelled to pay the debt, can have an action therefor against
both, or either. The evidence proved a payment by Blood.
Orvis acknowledged payment received of him, and the judg-
ment was thereby discharged.

Allen
v.
Ogden & Cat-
lin.

The only question which can arise in the case, is, whether
Blood, who was the joint debtor with Ogden, was the same
person who paid the debt to Orvis and took the assignment.
The joint debtor was Nathaniel Blood, jr. Nathaniel Blood
paid the debt and took the assignment. They may be dif-
ferent persons, or they may be the same. Junior is no part
of a person's name. If the question of identity had been
made a point at the trial, proof might have been required to
show they were different persons, or that the same person
was the debtor of the assignee, or it might have been left to
the triers to infer either their identity or that they were dif-
ferent persons ; but no question of this kind was raised.—
The county court were not correct in deciding that there was
no evidence to support the issues on the part of the defend-
ants. The judgment is, therefore, reversed.