SEWALL SMITH *v.* EPHRAIM INGRAHAM, JR.

To *scire facias* upon a recognizance for a review, to recover the costs occasioned by the review, the defendant pleaded, that the plaintiff caused the writ, in the suit in which the review was taken, to be served by attaching real and personal estate of the defendant in that suit, and had caused the execution, obtained by him in that suit, to be levied upon the real estate, in part satisfaction of the judgment, but had neglected to cause the execution to be levied upon the personal estate attached, although sufficient in amount to have satisfied the residue of the judgment. *Held*, upon demurrer, that the plea was insufficient.

When a plaintiff has caused personal property to be attached upon his writ, and the property has been delivered by the officer to a receiptor, and the plaintiff, after review by the defendant, has obtained a final judgment in his favor, he may, at his election, recover the costs, occasioned by the review, by bringing *scire facias* upon the recognizance for the review, or may pursue his remedies for the property attached ;—and the receiptor, by paying to the plaintiff the amount recovered by him and taking an assignment of the judgment, will acquire the right to pursue the recognizor for the review, in the name of the plaintiff, to the same extent that the plaintiff might have done. The remedies against the receiptor and the recognizor being independent, the purchase of the judgment by one of them, by paying to the plaintiff its full amount, will not operate as a satisfaction of the judgment, as to the other.

SCIRE FACIAS. The plaintiff alleged, that at the May Term, 1841, of Windsor county court he recovered judgment in his favor against one Charles Edmunds for $40,57 damages and $69,15 costs; that a review was entered by Edmunds, and the defendant Ingraham recognized to the plaintiff in the sum of fifty dollars, conditioned that Edmunds should prosecute his review and pay to the plaintiff all intervening damages, occasioned to the plaintiff by being delayed, with additional costs, in case the plaintiff should obtain final judgment in his favor ; and that the plaintiff, at the March Term, 1845, of the supreme court for the county of Windsor, obtained final judgment in his favor for $253,53 damages and $151,29 costs, which judgment remained unsatisfied. The defendant pleaded *nul tiel record* and payment, and also a second plea in bar, in which he alleged, that the plaintiff caused the writ in his suit against Edmunds to be served by attaching real and personal estate of Edmunds, that the execution obtained by the plaintiff had been levied upon the real estate attached, to the amount of $361,34, in part satisfaction of his

judgment, that the personal property attached was amply sufficient to have paid the residue of the judgment, but that the plaintiff neglected to cause the personal property, or any part of it, to be sold and applied upon the execution.

To the second plea in bar the plaintiff demurred; and the county court, March Term, 1846,—REDFIELD, J., presiding,—adjudged the plea insufficient. Exceptions by defendant.

Upon the pleas of *nul tiel record* and payment issue was joined. Trial by the court, May Term, 1847,—REDFIELD, J., presiding.

The defendant conceded, that he recognized for the review, in the suit in favor of the plaintiff against Edmunds, in the sum of fifty dollars, and that final judgment was rendered in favor of the plaintiff in that suit, as alleged in the declaration, and that fifty dollars costs accrued in that suit after the review. It appeared, that personal property was attached upon the writ in favor of the plaintiff against Edmunds, but to what amount did not appear, and that it was receipted by Nathaniel Fullerton and Frederick E. Fullerton, and that they had paid to the plaintiff the full amount of the judgment recovered by him, under an agreement, that he would permit them to use his name in availing themselves of the security against Ingraham upon his recognizance, and of his attachment of the real estate of Edmunds, and would convey to them, by deed of quit claim, the property covered by the attachment. No part of the personal property attached was applied upon the judgment, and this suit was commenced and prosecuted by Nathaniel Fullerton and Frederick E. Fullerton, in the name of the plaintiff, for their own benefit. Upon these facts the county court rendered judgment for the plaintiff, for fifty dollars. Exceptions by defendant.

*H. E. Stoughton* for defendant.

The second plea in bar is sufficient. To a *scire facias* against the debtor, a plea in bar, that the debt was levied by *fi. fa.*, is sufficient. *Mauntley* v. *Andrews*, Cro. Eliz. 237. 2 Ld. Raym. 1072. *Holmes* v. *Newland*, 48 E. C. L. 366, 632. *Green* v. *Elgie*, 23 E. C. L. 112. In such case the debtor is discharged from the judgment, although the sheriff do not satisfy the plaintiff. 2 Saund. R. 130, n. 1. A levy by *fi. fa.* and an attachment of personal property upon *mesne* process place the parties, so far as the present defence

is concerned, upon the same ground. In either case the officer is liable to the plaintiff for the property and may maintain trover for it, if taken from his possession. 5 Vt. 181. If a levy by the writ upon property sufficient to pay the debt would bar a *scire facias* against Edmunds, the debtor, it would of course be a bar to a *scire facias*, in the same suit, against the debtor's surety.

The facts found by the court will not enable the Fullertons to maintain this suit, in the name of the plaintiff, for their benefit. It is the same to the plaintiff, whether the property attached is in the actual possession of the officer, or in the custody of some third person, in whose hands the officer has placed it. The liability of the officer to the plaintiff is not changed, by placing the property in the hands of the receiptor, nor is the receiptor made liable to the plaintiff; his liability is to the officer. We think, then, that while there is sufficient property in the custody of the officer, or of the receiptor, to pay the debt, the plaintiff cannot have his election to pursue the property, or the debtor ; and if he cannot elect to pursue the debtor, he cannot pursue the debtor's surety.

*P. T. Washburn* and *R. Washburn* for plaintiff.

The second plea in bar can only be sustained upon the ground, that the plaintiff was legally bound to pursue his action against the sheriff, or to take the legal steps to charge him, before resorting to his remedy upon the defendant's recognizance. But this is an obligation not imposed by law; and in *Page v. Johnson*, 1 D. Ch. 338, it was decided, that it was not necessary, that execution should have issued upon the original judgment, in order to charge the bail upon the recognizance. It is not averred, that the plaintiff has received satisfaction from the property attached, nor from the sheriff; and a mere unsatisfied remedy against one person cannot work an extinguishment of an independent remedy against another person, unless there have been some legal contract to that effect, or the one remedy so differs from the other in degree and time, as to operate a merger. If the facts pleaded constitute a bar to the action, they discharge the defendant from all liability, both as to additional costs and intervening damages. But the defendant's liability to pay the additional costs is absolute, by the terms of the recognizance, and cannot be discharged by such matter. Rev. St. 160, § 10. *Hub-*

*bard* v. *Davis*, 1 Aik. 301. *Green* v. *Shurtliff*, 19 Vt. 392. *Roberts* v. *Warner*, 17 Vt. 46. The plea, then, only sets forth a defence, if any, to a claim upon the part of the plaintiff for *intervening damages* occasioned by the delay. But the declaration sets up no such claim, and therefore the plaintiff can recover nothing therefor. *Way* v. *Swift*, 12 Vt. 395.

Upon the issue of fact the decision of the county court was correct. The remedies, which the plaintiff had against the defendant and Fullerton, were collateral, independent of each other, and wholly dissimilar. The remedy against the defendant is based upon contract, while the remedy against Fullerton could only be enforced indirectly, if at all, by the plaintiff. The plaintiff's claim, so far as the personal property was concerned, was upon the sheriff; and the only obligation upon Fullerton was to indemnify the sheriff. Neither was there any privity between Fullerton and the defendant. The result must be, that, as to both the plaintiff and defendant, Fullerton stood as a third person, and might well become the purchaser of the plaintiff's judgment.

The opinion of the court was delivered by

BENNETT, J. The questions in this case arise upon the issue joined upon the second plea, and upon the demurrer to the third plea.

We think it is obvious, that the third plea is bad. So far as the real estate went, which was set off upon the execution, the judgment was satisfied ; but an attachment of real or personal estate on *mesne* process cannot operate even as a *qua* satisfaction of the judgment, which may be recovered, and the plaintiff is not bound to follow the same property with his execution. The defendant became absolutely liable for the costs occasioned by the review, to the extent of his recognizance; and to charge him no execution need have issued against the principal debtor, nor any effort have been made to collect it of him. It must follow from these principles, that the plea is no good answer to the action.

On the trial of the issue of fact upon the plea of payment it appeared, that Smith had a *lien* by the attachment of real estate, as a security for the satisfaction of the judgment against Edmunds, and also collateral and independent remedies against the Fullertons and

this defendant, and that the Fullertons agreed with the plaintiff to pay him the amount of his judgment against Edmunds, if he would quit claim to them the land, which had been attached and levied upon, and also give them the right to use his name in availing themselves of the security against the present defendant. The Fullertons paid Smith the amount of the judgment, and, in effect, took an assignment of it; and we see no good reason, why they may not sustain this action, in the name of Smith, against the defendant upon his recognizance.

The plaintiff, after final judgment against Edmunds, had an election, as to fifty dollars, to go against the defendant upon his recognizance for the review, or to charge the personal property in execution, which had been attached, and, if not exposed to sale on the execution, to go against the officer; and in that event the officer would have his remedy on his receipt against the Fullertons. The defendant being liable absolutely, it was not necessary, to continue his liability, that the property should have been charged in execution at all. This was only necessary, to give the plaintiff a remedy against the officer; and whether the property had been charged in execution within the *thirty* days from final judgment does not appear from the case itself. But suppose such was the case, I apprehend the result must be the same. The remedies of the plaintiff, as well as the liabilities of the officer and of the defendant upon his recognizance, were distinct and independent. It has never been held, that I am aware, that an attaching creditor can maintain a special action on the case against the receiptor of property attached, for a non-delivery of the property on the execution to the sheriff; and I apprehend, no such action can be sustained.

This case is not like that of *Allen* v. *Ogden et al.*, 12 Vt. 9. There Blood, who bought in the judgment against Ogden and the jail bond against Ogden and Catlin, was a co-contractor with Ogden on the note; and the payment of the judgment by Blood was but the payment of his own debt. If Blood had been permitted to sustain the action by force of the assignment, treating the claim as unpaid, Catlin, upon the payment of the demand, would have had his remedy against *Blood*; and to save this circuity of action, the court treated the payment of the judgment by Blood as a satisfaction, though in form a purchase. In the case before us I apprehend the

defendant could not, at law, have a right of contribution either against the receiptors of the property attached, or the officer. How it might be in chancery it is not material to consider.

We think, then, the contract between the present plaintiff and the receiptors is one, which they had a right to make, and that the purchasing in of the judgment by them does not operate, under the circumstances, as a payment of the judgment against Edmunds; and if not a payment, then the receiptors may have the same remedy against the defendant, in the name of the plaintiff, as the plaintiff could himself have had, if he had remained the owner of the claim. This is only carrying out the right in Smith to elect which he would pursue.

The result is, the judgment of the county court is affirmed.