JOHN PORTER *v.* AARON GILE, STEPHEN S. DOWNER AND ALVIN TUCKER.

*Evidence. Practice. Judgment. Debt. Co-Debtors. Contribution.*

Where the plaintiff without objection allowed inadmissible testimony to be introduced, which tended to establish a material fact, the defendant had the right to have the testimony considered by the jury.

One of several judgment debtors could not become the owner of the judgment in any manner so that he would have the right to collect it in the name of the judgment creditor of the other co-judgment debtors, for as soon as he became the owner of the judgment it was satisfied and extinguished.

The remedy against the co-judgment debtors would not be by suit on the judgment, but for contribution toward the money paid by him to extinguish the debt, and he could convey 'no greater right to another than he himself could have asserted.

THIS was an action of debt on judgment. The defendant, Aaron Gile, filed the following pleas: 1, *nul tiel record;* 2, payment by Stephen S. Downer, one of the defendants; 3, release and discharge procured by said defendant Downer. The plaintiff replied by traversing all of said pleas. Trial by jury, December term, 1871, BARRETT, J.; presiding.

On trial the plaintiff introduced the record of said judgment and rested. The defendant, Aaron Gile, was then sworn as a witness for the defendants, and testified as follows:

*Q.* Who is the owner of this judgment in suit? I suppose Mr. Asa T. Barron. He says he is. *Q.* Did you have any talk with Mr. Asa T. Barron? *A.* Yes, sir. He told me yesterday that he had it, and bought it of Stephen S. Downer. *Q.* Did he say anything about what he paid for it? *A.* No. He did'nt say what he did pay—that it did'nt cost him much, as Stephen S. Downer was owing him, and that he was going to get the money out of me to pay the execution. *Q.* Where was this conversation? *A.* It was here to the hotel. Cross-examination: *Q.* Did Mr. Barron say he was going to get the money out of you? *A.* Yes, sir. He said he was going to get his pay. *Q.* Did he say anything about the other parties to the judgment? *A.* No, sir. Never said a word about them.

Austin Howard was next called as a witness in behalf of the defendants, and testified as follows:

Q. Did you ever have any talk with Mr. Barron, or hear him say anything about this judgment or execution which is in suit here? A. I don't know that I had any talk, but I heard him say that he had the execution of Downer against Gile. Q. Which Downer? A. Stephen Downer. Q. Where and when did you hear Mr. Barron say that? A. About a year ago at the Junction House.

The foregoing testimony was received without objection, and the defendants then rested.

It was conceded that Stephen S. Downer was one of the defendants of record in the case of *Porter* v. *Gile et als.*

The execution was also produced on trial apparently unsatisfied.

The plaintiff then offered to show that in fact said judgment had never been paid, but without hearing the same or any other evidence than as above set forth, the court ordered a verdict for the plaintiff for the amount of said judgment. To which ruling and order the defendant excepted.

*D. C. Dennison & Son,* for the defendants, insisted that the court erred in not submitting the case to the jury. That the evidence tended to show that Asa T. Barron was the plaintiff in interest, having obtained the execution upon which this suit was based of Stephen S. Downer, one of the defendants in the original action; and argued that the fact that the defendant Downer had said execution in his possession was evidence that said judgment had been satisfied, and that no action would lie upon such judgment except a suit by the defendant Downer against his co-defendants for contribution, and cited *Allen* v. *Ogden & Catlin,* 12 Vt., 9; *American Bank* v. *Jenness,* 2 Met., 288; *Barr* v. *Smith,* 21 Barb., 262; *Tuckerman* v. *Sleeper,* 9 Cush., 177.

*Wm. E. Johnson,* for the plaintiff.

The opinion of the court was delivered by

Ross, J. The testimony introduced by the defendant Gile, without objection from the plaintiff, tended to show that Asa T.

Barron claimed to own the judgment in suit, and was prosecuting this suit in the name of Porter for his own benefit. That the testimony offered to prove the ownership of Barron would not have been admitted, if objected to, does not show that it was not to be weighed by the jury when admitted without objection. If the plaintiff allowed inadmissible testimony to be introduced, which tended to establish a fact, the defendant had the right to have the testimony considered by the jury, for, had the plaintiff objected to its admission, and the court had excluded it, the defendant might have supplied its place with unobjectionable testimony. If Barron owned the judgment in suit, which fact the defendants' testimony tended to establish, his admissions in regard to the person of whom he obtained it would be evidence against him. His admissions tended to establish the fact that he obtained the judgment of Stephen S. Downer, one of the defendants, and one of the co-judgment debtors, and consequently that Downer had once owned the judgment. But Downer could not become the owner of the judgment in any manner so that he would have the right to collect it in the name of Porter of the other co-judgment debtors. As soon as Downer became the owner of the judgment the judgment was satisfied and extinguished. *Allen* v. *Ogden & Catlin*, 12 Vt., 9. Downer's remedy against his co-judgment debtors would not be by suit on the judgment, but for contribution towards the money paid by him to extinguish the judgment. He could convey no greater rights to Barron than he himself could have asserted. Inasmuch as the testimony introduced by the defendant tended to establish that Downer had once owned the judgment in suit, the defendant had the right to have it submitted to the jury, with instructions that if they found it sufficient to establish the fact that Barron was the plaintiff in interest, and purchased the judgment in suit of Stephen S. Downer while he owned it, the plaintiff could not recover.

The judgment of the county court is reversed and the cause remanded.