HON. JAMES BARRETT,
HON. TIMOTHY P. REDFIELD,
HON. H. HENRY POWERS,
HON. WALTER C. DUNTON,
} ASSISTANT JUDGES.

---

## BENTON *v.* BAILEY AND ANOTHER.

*Partition. Levy on Land Subject to Mortgage. Mortgage. Subrogation.*

On petition for partition, it appeared that D. and defendant B. took a joint deed of the land, and gave their joint mortgage to secure part of the purchase money ; that while the land was subject to that mortgage, the petitioner attached D's interest therein, recovered judgment, and, after a time, procured one undivided half thereof to be set off as "the proper estate of said D. in fee," but not until D. had conveyed his interest therein to B., and B. had paid the mortgage, and conveyed all the land to defendant H. B., who executed to him a mortgage thereon for the purchase money. *Held*, that as at the time of the levy there was no equity of redemption that could have been the subject of appraisal and set-off, the fee of the land was properly set off.

B. sought to stand as purchaser and assignee in equity of a moiety of the mortgage, and to keep the mortgage on foot until he was reimbursed what he had paid thereon that was incumbent on D. to pay ; but, it appearing that after attachment and before levy D. had conveyed the land and all his and B's partnership property to B., on B's promise to settle the partnership affairs, and afterward pay D. the balance in equity his due, it was *held*, that as by that contract B. became principal in the partnership debts, so that he could have no equitable right on account of his original suretyship for D's half of the debt, his payment extinguished the debt, and cancelled the mortgage.

*Held*, also, that that return of levy and set-off was not subject to other objections, *q. v.*

18

PETITION for partition of lot No. 38 in the second division of lots in Maidstone, alleging that the petitioner was the owner, seised and possessed, of one undivided half of said lot, and that the defendant Bailey was the owner of the other half, which was subject to a mortgage to the defendant Boyce. Pleas, that the petitioner was not owner nor seised and possessed as alleged, and that the defendants were not joint tenants, tenants in common, nor coparceners with the petitioner. Trial by the court, September Term, 1876, Ross, J., presiding.

The petitioner introduced in evidence a deed of said lot from Elbridge G. Green to the defendant Boyce and Augustus Drew, dated March 1, 1873, and the records of a suit in his favor against Drew, whereby it appeared that the writ therein was issued on September 29, 1874, Drew's interest in said land attached thereon on September 30, and judgment recovered on January 25, 1875, for $174.05 debt, and $5.95 costs; and that an execution was issued thereon on June 17, 1875, and levied on " a certain piece of land, with the appurtenances thereof, situate and lying in Maidstone, in said county of Essex, described as follows, to wit, one equal undivided half of lot No. 38 in the second division in the town of Maidstone, the proper estate of the said Augustus Drew in fee."

It appeared that Boyce and Drew entered upon the lot in the winter of 1873-4, and cut and carried away timber and bark, and that that business was unsettled between them, each claiming a balance due thereon. It also appeared that they executed to Green on the date of his deed to them, a mortgage for $500, which was one half of the purchase money, the other half being paid down, and that said mortgage was paid before the levy of said execution, a part of it being paid by Drew, and the mortgage taken up.

Boyce claimed, and offered to show, that he paid one half of the $500 paid down for said land, and Drew the other half; that afterwards, and before attachment, Drew paid $75 on the mortgage, and Boyce enough to reduce the mortgage debt to $176, which he paid after attachment and before levy, but this Drew denied; that on October 10, 1874, he entered into an agreement

with Drew, whereby Drew agreed to quit-claim said land and assign their copartnership funds to him, in consideration of which he agreed to settle the copartnership business, and pay the copartnership debts as far as the copartnership property would go, and, when such business was settled, render to Drew a true account thereof, and pay him the balance in equity his due, and that Drew on the same day quit-claimed accordingly; that said business remained unsettled at the time of hearing, and that on December 14, 1874, he conveyed said lot to Bailey, and that Bailey on the same day mortgaged back to secure part of the purchase money. The defendants objected to the return on the execution, for that it did not mention the mortgage upon the land, nor sufficiently describe the estate on which levy was made, and Drew's interest therein; nor state the nature and amount of the incumbrances thereon; nor show that the execution was extended on Drew's undivided interest; nor describe that interest with the requisite precision; nor say that it was an equal undivided interest; nor refer to deed or deeds defining Drew's title; nor say who owned the other half of the lot; and urged that for those reasons the levy was void. But the objections were overruled; to which the defendants excepted.

The defendants also offered to show that upon a settlement of the copartnership affairs between Boyce and Drew, Boyce had paid more than his proportion of the purchase-money to said Green, and sought to have the mortgage to Green maintained as his security for such over-payment. But the court held that a settlement of said partnership affairs could not be had here, and that in this proceeding said mortgage should be treated as paid; to which the defendants excepted.

*Fletcher & Fletcher*, for the defendants.

The mortgage to Green should not be treated as paid, but kept on foot for Boyce's protection. The levy was therefore wrong for not recognizing the mortgage and ascertaining its amount; *Swift* v. *Dean*, 11 Vt. 325; *Kimball* v. *Smith*, 21 Vt. 449; *Slocum* v. *Catlin*, 22 Vt. 141; *Morgan* v. *Armington*, 33 Vt. 13; and for taking an undivided half of the land. The payment of the mort-

gage debt should operate as an assignment of the mortgage, 8 N. H. 429 ; 44 N. H. 619, even though this is a proceeding at law, for the doctrine of subrogation is now a doctrine of law. 1 Washb. Real Prop. 575 ; 11 Barb. 159.

*W. & H. Heywood,* for the petitioner.

The decision must have reference to the legal title as it stood at the commencement of the suit. No mere equitable title can be considered. *Waterman* v. *Cockran*, 12 Vt. 699. Nor can the copartnership matters be settled here. *Galusha* v. *Sinclear*, 3 Vt. 394. The levy was made under s. 32, c. 47, Gen. Sts. The return was therefore unobjectionable. The case of *Edwards* v. *Allen*, 27 Vt. 381, is distinguishable. See ss. 33, 34, c. 47, Gen. Sts. ; *Sleeper* v. *Newbury Seminary*, 19 Vt. 451 ; *Morgan* v. *Armington*, 33 Vt. 13.

The opinion of the court was delivered by

REDFIELD, J. This is a petition for partition. The defendant Boyce and one Augustus Drew bought of Mr. Green the land in question, took a deed jointly to themselves, paid a part of the purchase money, and executed their joint note and mortgage, to secure the balance of the price. The petitioner, as the creditor of Drew, sued him, obtained judgment, and set off the undivided half of the land as the property of Drew. At the time the land was attached it was subject to the mortgage to Green ; but before the levy and set-off, the mortgage had been paid, and, it is claimed, by Boyce. No reference is made in the levy and set-off to the mortgage. Before the levy, Drew had conveyed all his interest in the land to Boyce, and Boyce had conveyed to Bailey.

I. The defendants claim that the levy is void for setting off the land in *fee* instead of the equity of redemption. The mortgage had been paid at the time of the levy; and there was no equity of redeeming said premises that could be the subject of appraisal and set-off. The officer had no other way than to set off the premises as they were at the time.

II.   The defendants further claim that Boyce should stand, in equity, as the purchaser and assignee of a moiety of the mortgage ; and that he may keep it on foot until reimbursed the portion which was incumbent on Drew to pay.    But one joint debtor cannot become the owner of the claim by purchase and assignment so that an action would thereafter lie upon it ; but such payment or purchase extinguishes the debt as to all.    *Porter* v. *Gile*, 44 Vt. 520 ; *Allen* v. *Ogden*, 12 Vt. 9.    Yet it is well settled that a surety paying the debt, will, in equity, be subrogated to the securities which the creditor holds.    In the case of *McDaniels* v. *Flower Brook Manuf. Co.*, which we have been referred to by the defendants' counsel, the great question in the case was, whether Clark, who had indemnified his co-sureties, could be treated as still a surety for the corporation, so that, having paid the mortgage given by the corporation, he could keep it on foot as the assignee in equity as against a creditor of the corporation ; and it was conceded by the counsel, and adjudged by the court, that he could not do so if he stood as a principal.    In this case Boyce was a joint principal, and when he paid the debt it was extinguished.    The mortgage notes had no vitality, and, in law, were cancelled.    And the mortgage is a mere incident of the debt, and falls with it.    But Boyce and Drew were tenants in common ; and each were owners of the estate mortgaged *per my et per tout*, and each pledged his interest in the land, as security for his moiety of the debt, and each were, as between themselves, surety for the other for *his half* of the debt, although they were joint principals in their note to the creditor.    And we think that Boyce, having paid the *whole* debt, might claim to stand as surety for Drew, with the right to keep the mortgage on foot until reimbursed the moiety of the mortgage which he has paid as surety for Drew.    1 Washb. Real Prop. 627 ; *Sargent* v. *McFarland*, 8 Pick. 502. Or he might insist, in equity, that the land, as company assets, must first be appropriated to pay the company debts.    But these are matters of special equity jurisdiction.    The officer, having the execution to collect, had not the right nor the power to undertake to determine the latent equitable rights as between the partners to this land.    He found by the record that the debtor in

the execution was the legal owner of an equal undivided half, and upon *that* it was his duty to levy his execution.

But in this case Drew had conveyed all his interest in the land to Boyce before the levy, and assigned to him his share of the partnership assets; and in consideration therefor Boyce had agreed to pay the partnership debts so far as the partnership property would go, and pay to Drew whatever balance, in equity, might be his due. By this agreement Boyce became the principal and Drew the surety in the payment of the partnership debts, as between themselves, and could no longer have any equitable right growing out of his suretyship for Drew. And if he claims the superior right of partnership creditors to this land as assets of the company, that right can only be maintained in a court of equity, and has never been asserted. See *Bardwell* v. *Perry*, 19 Vt. 292; 29 Vt. 387.

The objections to the form of the levy we think are not well founded.

Judgment affirmed.