## SUPREME COURT.

### N. Hinds 2d agt. Tweddle and Darlington.

The Code no where authorizes a general demurrer to a complaint. The intention of § 145 is to prohibit general demurrers; and it governs the form and manner of demurring, and applies to all the subdivisions of § 144.

A demurrer which alleges " that several causes of action are improperly united , in the complaint," is nothing but a *general demurrer*, and is, consequently, unauthorized.

(*This view of demurrers agrees with Purdy agt. Carpenter and Ferris, 6 How. Pr. R.* 361, *and is adverse to some of the cases there mentioned.*)

The Code has not changed the common law rule of pleading, so as to deprive the party of the right to waive the tort, and bring an action on the contract.

Where the plaintiff could have brought an action in tort against the defendants as bailees, but actually counted in assumpsit for a breach of the implied contract (*Humphrey's Precedents*, 622), *Held*, that there was no misjoinder of actions (tort and assumpsit) by such a count being connected with one admitted to be clearly in assumpsit.

———— *Special Term, Nov.* 1852. *Demurrer to complaint.* The complaint contains two counts. The first count in the complaint alleges that plaintiff on the 22d November 1846, delivered to defendants a quantity of hops to be taken care of, and returned to plaintiff when requested, and that " defendants without the leave or license of plaintiff, used and appropriated said hops, or the avails thereof, to their own use, and thereby the said defendants became indebted to the said plaintiff in the sum of $462·50, with interest thereon from said 25th day of November 1846." The second count is for $1000, money had and received, April 1, 1852.

The defendants " demur to plaintiff's complaint, and specify as the grounds thereof, that several causes of action have been improperly united in said complaint."

The plaintiff's counsel insists that the demurrer is defective and should be disregarded, for the reason that it does not conform with the provisions of the Code, it being a general demurrer, wholly omitting to specify the grounds of objection to the complaint.

Hinds agt. Tweddle and Darlington.

OTIS ALLEN and L. J. BURDITT, *for Defendants.*

C. FIELD, *for Plaintiff.*

CRIPPEN, Justice.—Demurrers to complaints are authorized by § 144 of the Code; the 5th subdivision of this section declares that several causes of action improperly united in the same complaint, is cause of demurrer. It is enacted by § 145, that every demurrer shall distinctly specify the grounds of objection to the complaint, and unless it do so, it may be disregarded.

It is undoubtedly true that the demurrer to the complaint in this case is general in form.

The rules and practice of the court prior to the Code, did not allow this general form of demurrer without adding thereto a specification of the cause of demurrer The party demurring was required to briefly and plainly specify the objections in matters of substance as well as those of form, upon which he intended to rely on the argument of the demurrer (*Sup. Court Rules,* 88, 89 *of* 1845, *and* 80 *and* 82 *of* 1847).

In my judgment the Code has no where authorized a general demurrer to a complaint. The form and manner of demurring is governed by § 145. It applies to all the subdivisions of § 144. The intention of § 145 is to prohibit general demurrers, otherwise it is entirely useless, without meaning or application.

I am aware that there is a conflict in the decisions upon this point. In my opinion the above sections should be so construed as to give effect to both. It is manifest that the general causes of demurrer to a complaint are intended to be specified and limited by § 144. In demurring, however, it is not sufficient to merely repeat the language of one of the subdivisions of that section, and rely upon that as a sufficient specification of the grounds of objection to the complaint. If this is held to be sufficient, it virtually repeals section 145. This section expressly enacts that the demurrer shall *distinctly specify the grounds* of objection to the complaint, and unless it do so it may be disregarded. Without such specification, the plaintiff is not apprised of the grounds of the alleged improper union intended to be reached by the demurrer; whether it consists in a union of two separate causes of action in violation of the provisions of § 167 of the

Code, or in a union by blending together in one count, two or more causes of action which might properly be united, if separately stated as required by the last mentioned section, the plaintiff is not informed. There is no hardship in holding the party demurring to a compliance with § 145. I fully concur with Justice Barculo in the views expressed by him in the case of Purdy agt. Carpenter and Ferris (6 *How. Pr. R.* 361). Also see *Van Santvoord's Pleadings*, 421.

This view of the case disposes of the demurrer, and entitles the plaintiff to judgment thereon.

I have examined the other question raised upon the argument, and which seemed to be treated by the counsel as the principal question in the case, and have come to the conclusion that no misjoinder exists in setting forth the causes of action in the plaintiff's complaint. It is true that two distinct claims or demands are set forth in separate and disconnected counts, but they both belong to the same class, and may be united in one action.

The first count in the complaint is in form and substance the same as the former precedents used in an action of assumpsit (1 *Humphrey's Precedents*, 622). The second count is admitted to be in assumpsit. Section 167 of the Code defines what causes of action may be united in one action, and was enacted with reference to the causes of action as they existed at common law; that section, therefore, should be construed with reference to the principles of the common law, as they existed at the time the Code was enacted (6 *How. Pr. R.* 232).

It is undoubtedly true that the plaintiff could have brought an action of trover against the defendants for having as bailees of the plaintiff, used or appropriated his hops to their own use. But according to well settled principles of law, the plaintiff had an election, either to prosecute and complain in tort for the conversion of the property, or in assumpsit for a breach of the implied contract or promise to return it or pay the value thereof.

The plaintiff has clearly elected by the allegations contained in both counts of his complaint to waive the tort, and to treat the defendants as indebted to him upon the implied contract for the value of the hops.

The plaintiff possessing the legal right to elect between the

Hinds agt. Tweddle and Darlington.

actions in form *ex-delicto* and *ex-contractu*, and having by the form of his complaint elected the latter, in both counts thereof, it follows that there is no misjoinder of actions for which a demurrer can be sustained.

Previous to the Code the law was well settled in this state, that the plaintiff might waive the tort in a case for the conversion of property, and declare in an action of assumpsit to recover the value thereof (Putnam vs. Wise, 1 *Hill*, 240, *note* : Cummings v. Vorce, 3 *Hill*, 283; Berley v. Taylor, 5 *Hill*, 584, *note a.* Osborn vs. Bell, 5 *Denio*, 370; Moran vs. Dawes, 4 *Cow.* 412; Orange Bank vs. Brown, 3 *Wend.* 158). The true rule is stated in Young vs. Marshall (8 *Bing.* 43), which is that no party is bound to sue in tort, where by converting the action into an action of contract he does not prejudice the defendant. Generally speaking, it is more favorable to the defendants to be prosecuted upon contract than tort, for that form of action lets in a set off, and also releases the body from imprisonment on the judgment. The plaintiff in such case waives his claim to damages for a wrong committed by the defendant, and seeks to recover only the proceeds or the value of the property. It would be difficult to find a case in which the defendant would be prejudiced by a waiver of the tort and resorting to the implied contract for redress.

I am not prepared to adopt the conclusion that the legislature intended by any provisions of the Code, to change the common law rule, so as to deprive the party of the right to waive the tort, and bring an action on the contract. No such provision or enactment has fallen under my observation. I am unwilling to demolish well settled principles of the common law, by inferring or spelling out an intention of the legislature to do so. Experience has shown that every alteration of the law by the Code has not worked a change of principle; and unless the statute has clearly made a change, the safer rule is, to stand by the land marks of the common law and protect them against crude and hasty legislation. My conclusion is that the demurrer is not well taken upon the last point. The plaintiff therefore is entitled to judgment with leave to the defendants to answer the complaint in twenty days, on payment of $23 costs of the demurrer.