## SAMUEL M. ROLLINS *v.* ALBERT B. CHALMERS.

*Interlocutory Judgment. Evidence. Pleading. Damages. Practice. Waiver.*

In trespass and case for debauchment of plaintiff's daughter, an interlocutory judgment was rendered for plaintiff. On assessment of damages, defendant offered evidence to prove his innocence of the act alleged. *Held*, that the judgment was in legal effect equivalent to a general verdict of guilty, and concluded defendant as to every allegation he would have had to prove in order to recover, and that the evidence was inadmissible.

Plaintiff offered evidence of his "financial condition," and it was received without objection. After the testimony was all in on both sides, defendant requested the court to charge the jury not to consider that evidence. *Held*, that defendant's right to object was waived, or that the court, in its discretion, might treat it as waived.

Dishonor to the father and injury to his feelings, are the natural result of the debauchment of the daughter; and he may recover damage therefor in an action for loss of service, on the general allegation, *per quod servitium amisit*, and a general allegation of damage.

TRESPASS and case for debauching the plaintiff's daughter, *per quod servitium amisit*. At the June Term, 1878, the defendant set the case not for the jury; but the court, finding no sufficient cause for continuance, rendered judgment for the plaintiff, and

continued the case for the assessment of damages. At the December Term the question of damages came on to be tried by a jury, REDFIELD, J., presiding.

The plaintiff introduced, with other evidence, testimony relative to his " financial condition," to which no objection was made by the defendant. Plaintiff rested, without testifying as to the injury to his feelings or as to the disgrace that might be brought upon himself or his family by the act alleged.

The defendant then offered to show in mitigation of damages that he was not guilty of the act alleged, to which the plaintiff objected; and the court ruled that the defendant was concluded by the judgment from introducing evidence that went solely to show his innocence, and excluded the evidence, to which the defendant excepted.

After the testimony was all in on both sides, the defendant requested the court to charge that the plaintiff could not show his financial standing, and that, as the declaration contained no allegation of special damage in that behalf, he could not show the injury to his feelings, nor the disgrace that might be brought upon him or his family in consequence of the act alleged, and that the jury should not consider the evidence on those points.

The court did not so charge, but charged that in estimating the value of the daughter's service, the jury might consider the shock to the plaintiff's feelings and sensibilities by the dishonor so brought upon him, and that that much enhanced the value of that service—the relation that was broken and dishonored.

To the charge given the defendant excepted.

*Roswell Farnham* and *Leslie & Rogers*, for the defendant.

The interlocutory judgment is conclusive that the judgment must finally be against the defendant to some amount; but if he is innocent of the act charged, the plaintiff has suffered no damage through him. He ought, therefore, to be permitted to show his innocence in mitigation of damages. *Collins* v. *Smith*, 16 Vt. 9, is, in principle, the same as this case, and cannot be considered as having been overruled by the later cases. It is no objection to the evidence offered that it would have been relevant to the main

75

question. STEELE, J., in *Chamberlin* v. *Murphy*, 41 Vt. 110, 117; PIERPOINT, J., in *Bradley* v. *Chamberlain*, 31 Vt. 468, 472. There is a difference between interlocutory judgments in actions *ex contractu* and like judgments in actions *ex delicto*. In the former case, it establishes all allegations that might be proved; in the latter, merely that the plaintiff shall recover, or perhaps to the extent of the allegation of damages.

The court should have charged the jury to disregard the testimony as to the plaintiff's pecuniary standing. *Haynes* v. *Sinclair*, 23 Vt. 108.

*E. W. Smith* and *J. W. Rowell*, for the plaintiff.

The interlocutory judgment established every alleged fact that the plaintiff would have had to prove, to entitle him to judgment on trial. *Hyde* v. *Moffat*, 16 Vt. 271; *Bradley* v. *Chamberlain*, 31 Vt. 468; *Morey* v. *King*, 49 Vt. 304; *Shepard* v. *Carter*, 4 Tenn. 275; *Manchester's Petition*, 8 Fost. 296, and cases *passim*. The declaration alleged, and the plaintiff would have had to prove, that the defendant debauched his daughter. That fact, then, is conclusively established by the judgment. But it is said that that fact may be controverted for the purpose of mitigating the damages. But evidence to controvert that fact bears wholly on the right of recovery, and on the question of damages only incidentally and by way of argument. It may be true that it is not a valid objection to evidence relative to the question of damages, that it would have been relevant to the main question had it been tried. But that rule does not permit the defendant to controvert a fact established by the judgment, in order to reduce damages. Were the rule otherwise, the plaintiff would have to be prepared with evidence on the main question, the same as though no judgment had been rendered.

The request to charge is obnoxious to criticism. As to the testimony as to plaintiff's financial standing, the request was too late. The defendant had waived his right to object. *Laurent* v. *Vaughn*, 30 Vt. 90; *Cavendish* v. *Troy*, 41 Vt. 99. The plaintiff gave no testimony as to the other points referred to in the request, so the request was not applicable. But, the ground of

the request was untenable. The elements of damage then in question, if legitimate, might be considered under the general allegation of damage. *Phillips,* v. *Hoyle,* 4 Gray, 568; REDFIELD, J., in *Hutchinson* v. *Granger,* 13 Vt. 386, 394, and cases *passim.*

That portion of the charge excepted to was applicable, and more favorable than the defendant was entitled to have it. 3 Phil. Ev. 445; *Andrews* v. *Askey,* 8 C. & P. 7; *Phillips* v. *Hoyle, supra.*

The opinion of the court was delivered by

Ross, J. I. The judgment rendered by the County Court against the defendant at the June Term, 1878, was equivalent, in legal effect, to a general verdict of guilty against him. It concluded him in regard to every fact alleged in the declaration which the plaintiff otherwise would have been bound to establish by testimony in order to entitle him to recover damages for the loss of the service of his daughter. *Webb* v. *Webb,* 16 Vt. 636; *Hyde* v. *Moffat,* 16 Vt. 271; *Bradley* v. *Chamberlain,* 31 Vt. 468; *Sweet* v. *McDaniels,* 39 Vt. 272; *Chamberlin* v. *Murphy,* 41 Vt. 110; *Morey* v. *King,* 49 Vt. 304. Among the facts so alleged were the seduction of the daughter by the defendant, and that she sustained the relation of servant to the plaintiff. These were the facts which lay at the foundation of the plaintiff's right of recovery, and which were put in issue by the plea, not guilty. Hence, after this judgment, the defendant was not at liberty to introduce testimony to show that he was not guilty of the seduction and debauchment of the plaintiff's daughter. Such testimony did not bear upon the amount of the damages recoverable by the plaintiff for such seduction, but upon the right of recovery, which had been conclusively determined in his favor by the preliminary judgment. The County Court, therefore, committed no error in rejecting the testimony of the defendant offered, to show that he was not guilty of the seduction.

II. By allowing the testimony in regard to the financial condition of the plaintiff to be received without objection raised until after the testimony on both sides was closed, the defendant waived, or, at least, the County Court could, in its discretion, treat him as

having waived, the right to have such testimony withdrawn from the consideration of the jury. *Laurent* v. *Vaughn*, 30 Vt. 90; *Porter* v. *Gile*, 44 Vt. 520; *Hartland* v. *Henry*, 44 Vt. 593; *Davenport* v. *Hubbard*, 46 Vt. 200. If such unobjected testimony should be wholly foreign to the issue on trial, it would not usually operate to prejudice the party. The Supreme Court do not reverse a case for testimony erroneously received, unless it is of such a character that it may and probably has prejudiced the excepting party. If the testimony, though not legitimately admissible, have a moral tendency to support the issue, and so would be likely to influence the jury, to rule it out and withdraw it from the consideration of the jury, when the objection is not made until after the testimony is closed on both sides, would often work great injustice to the other party, who might have supplied its place with legitimate testimony, if it had been objected to when offered. Hence, the County Court is not legally bound to rule out, or withdraw from the consideration of the jury, testimony which a party has allowed to be received without objection. The County Court committed no error in failing to comply with the defendant's request so far as it related to this subject.

III. The defendant also excepted to that portion of the charge in which the jury were told that in estimating the loss of service or damages sustained, they might consider the shock which the seduction occasioned to the plaintiff's feelings and sensibility, and the dishonor which it brought upon him, and especially excepted, inasmuch as such damages were not specially declared for. But such damages to a parent, or to one standing in *loco parentis*, are the natural result of the seduction, and need not be specially declared for, and have for a long time, if not always, been recoverable under a general allegation *per quod servitium amisit*, to the damage of the plaintiff. *Irwin* v. *Dearman*, 11 East, 22; *Phillips* v. *Hoyle*, 4 Gray, 568; 2 Greenl. Ev. s. 579. The last authority cited, expresses the doctrine as follows: "The *damages* in this action are given, not only for the loss of service, but also for all that the plaintiff can feel from the nature of the injury. Therefore, if the plaintiff is the parent of the seduced, the jury may

consider his loss of the comfort as well as the service of his daughter, in whose virtue he can feel no consolation, and his anxiety as the parent of other children, whose morals may be corrupted by her example." There was therefore no error in the portion of the charge excepted to.

*Judgment affirmed.*