## HARRIET DAVIDSON v. ELBRIDGE J. ABBOTT.

### *Seduction. Proof of Loss of Service.*

In case by a woman whose husband had been more than seven years absent and unheard from, for the debauchment of a daughter who was thirty-one years old, the testimony on the part of plaintiff tended to prove that the daughter had always lived at home with plaintiff, had assisted her about her household work, had done errands for the family, had worked in a neighboring factory most of the time since she was fifteen years old, and had paid her wages to plaintiff, who had used them in the support of her family. A verdict was directed for defendant. *Held*, that on the evidence the daughter was *de facto* plaintiff's servant, and that the direction of a verdict was erroneous.

CASE for the debauchment of the plaintiff's daughter, Helen Davidson, *per quod servitium amisit*. Plea, general issue, and trial by jury, May Term, 1879, BARRETT, J., presiding.

It appeared that the action was brought by the mother, the father having abandoned his family and been absent from them

for more than thirty years and having been unheard from for fifteen years, and that the daughter was thirty-one years of age. The testimony of the plaintiff tended to show that when abandoned she had several children and no property, but that she supported herself, and, with their united exertions, supported and reared her children. The plaintiff and the daughter both testified in effect that the daughter had always lived with the plaintiff, and that since she was fifteen years old, and until taken ill in consequence of the act here complained of, she had most of the time worked in a neighboring mill or factory, and during all that time had helped the plaintiff in her " work about the house," helped, as the plaintiff said, about " the chores " and " about the dishes ", and had done, as the daughter said, such " errands " as " wanted to be done outside of the house "; and that during all that time she had paid her wages to the plaintiff, and the plaintiff had used them in the support of the family. There was no evidence tending to show any contract between the plaintiff and the daughter in regard to the services of the daughter after she became of age, nor any evidence showing that the plaintiff had any right to call on the daughter for services any more than on any other boarder in her family.

On the close of the evidence for the plaintiff, it was suggested for the defendant that nothing having been shown indicating a contract, the plaintiff could not recover. The court considered that the plaintiff had not made a case entitling her to recover for loss of service, and ordered a verdict for the defendant ; to which the plaintiff excepted.

*S. M. Pingree* and *French & Southgate*, for the plaintiff, contended that no contract for service need be shown, but that any one standing *in loco parentis* might maintain the action on proof of service ; that a contract would be presumed ; and that the age of the daughter was immaterial ; and cited 3 ˜Phil. Ev. 531 ; Schoul. Dom. Rel. 354–359 ; *Bennett* v. *Alcott*, 2 T. R. 168 ; *Martin* v. *Payne*, 9 Johns. 387 ; *Moran* v. *Dawes*, 4 Cow. 412 ; NELSON, C. J., in *Hewitt* v. *Prime*, 21 Wend. 77, and cases *passim*.

*Norman Paul*, for the defendant, contended that the plaintiff, to recover, should have shown the existence of the relation of mistress and servant, and a right on the plaintiff's part to command the daughter's services, and cited *Bartley* v. *Richtmyer*, 4 N. Y. 38; *Dain* v. *Wycoff*, 7 N. Y. 191; *Nickleson* v. *Stryker*, 10 Johns. 115; *Miller* v. *Thompson*, 1 Wend. 448; *Postlethwaite* v. *Parks*, 3 Bur. 1878; *Blaymire* v. *Haley*, 6 M. & W. 54. He also contended that as the right to maintain such an action was based on the loss of service, the plaintiff could not recover without proof of pecuniary damage, and cited *White* v. *Nellis*, 31 N. Y. 405, and *Grinnell* v. *Wells*, 7 M. & G. 1032.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case for debauching the plaintiff's servant and daughter, Helen Davidson. The daughter is thirty-one years of age, and the mother a widow. The exceptions state that the daughter Helen lived at home with her mother, and assisted her about the household work, and did errands for the family, and worked in the mill, or factory, most of the time since she was fifteen years of age, and paid in her wages for the support of the plaintiff's family. The relation between the mother and daughter, (except such distinction as the law works) was the same before and since Helen's majority. The mother managed the household, and used Helen's wages in the support of the family. No contract between the two was proved, except such as may arise by implication. The court directed a verdict for the defendant, on the ground that the plaintiff could not maintain this action.

" It is not necessary to prove an actual contract for service, but the relation of master and servant must subsist, at least in some degree, though a very slight degree will be sufficient; proof of the most trifling acts of service, such as milking the cows, or making tea for the plaintiff, will enable the plaintiff to maintain this action for debauching the daughter." 3 Phil. Ev. 530–1. The same rule, substantially, is laid down in all the text-books upon this subject. Schoul. Dom. Rel. 354–359; 2 Greenl. Ev. s. 572 *et seq.;* 1 Chit. Pl. 69, note; 2 Chit. Pl. 558. In *Bennett* v. *Al-*

*cott,* 2 T. R. 168, the father brought the suit, and the daughter debauched was thirty years of age, and it was proved that she occasionally did acts of service. BUTLER, J., says : " In actions of this kind the slightest evidence [of service] is sufficient ; even milking cows. Here instances of actual service were proved, and therefore it is immaterial whether the daughter were of age or not. Neither is it material whether the servant be or be not hired for a year ; or whether she have any wages ; it being sufficient that she be a servant *de facto.*" In *Manvell* v. *Thomson,* 2 C. & P. 303, the evidence of service was very slight. The niece was living in the family of her uncle, and occasionally assisted his children. Lord *Denman,* counsel for the defense, contended that there was no sufficient evidence that the niece at the time of the wrong complained of was a servant. But ABBOTT, C. J., said : " The smallest degree of service will do. It seems there was no servant kept, and it is reasonable to conclude that all the members in the family assisted, in turn, in the performance of household work." The case of *Moran* v. *Dawes,* 4 Cow. 412, is quite like this case. The daughter was of age and lived with her mother. They had a common table and the mother was the mistress of the establishment, and the daughter, sister, and brother, out of their earnings, supported the establishment, and the daughter assisted her mother somewhat in the household affairs. The court say : " The relation of mistress and servant between the plaintiff and her daughter was sufficiently made out at the trial. The slightest acts of service are sufficient, as merely milking cows," referring to *Bennett* v. *Alcott, supra.* In this case the daughter had all her life been *de facto* in the service of her mother ; she assisted the mother in the household affairs and contributed her wages at the mill to the support of the establishment of which her mother was the mistress. In short, she labored for and served in fact her mother after she became of age, as before ; and had never been emancipated from the mother's care, service, and control.

The action in form is to recover damage for loss of service ; but it has become well settled for a century in England and this country, that the loss of service is slight and nominal in most cases, and the recovery is had essentially for wounded feelings,

dishonor, and disgrace. In *Bartley* v. *Richtmyer*, 4 Comst. 38, Mr. Justice BRONSON attacks vigorously the latitude which has obtained in this action. He says: "It is now settled that the father may recover exemplary damages for the seduction of a daughter; and very large, not to say outrageous verdicts have become the fashion of the times"; and he says that "when the daughter is of full age the father cannot recover for such cause, without showing that the relation of master and servant existed at the time of injury." And "there must have been the actual or constructive relation of master and servant", such "that the father would have the right to command the service of the daughter." But this able judge does not deny the well-settled doctrine that trifling acts of service will enable the parent to sustain the action; and if such relation exists *de facto*, it is sufficient. This is one of the very few cases that expresses regret that this rule has become well established.

*Judgment reversed, and cause remanded.*