VICTOR BEAUDETTE *vs.* NARCISSE GAGNE.

Androscoggin.	Opinion May 10, 1895.

*Seduction.	Evidence.	Offers of Compromise.	Loss of Service.*

In the trial of an action on the case by a father for the seduction of his daughter, where the plea was the general issue and the seduction was denied, evidence was properly admitted, tending to show that about three months after the date of the alleged seduction, the defendant accompanied the daughter to a city other than that in which they lived, where an abortion was performed upon her, and that upon her return home she at once became sick and so continued for some three weeks.

In an action of this nature, for the seduction of a minor daughter, the relation of master and servant between her and her father is presumed to exist; and no acts of service need be proved, unless he has divested himself of the right to control her person or to require her services.

When the daughter is of age, it must appear that she resided in her father's family and performed some acts of service, however slight. It is not necessary that the services of an adult daughter should be such as the father can command. It is sufficient if, by mutual assent, the relation of master and servant did in fact exist.

The law very wisely excludes testimony of mere offers of compromise. But, if during the negotiations, either party makes an admission of a fact material to the issue, because it is a fact, such admission, both upon principle and authority, may be offered in evidence the same if made elsewhere and under different circumstances.

If, when testimony is offered, it appears to be clearly admissible, but subsequently it is ascertained that the testimony was inadmissible, because of reasons not known or not stated at the time it was offered, counsel should ask to have it stricken out and for appropriate instructions, and having failed to do this, he cannot later take exception to its admission

*Emery* v. *Gowen,* 4 Greenl. 33, affirmed.

*Cole* v. *Cole,* 33 Maine, 542, affirmed.

ON EXCEPTIONS.

This was an action brought to recover damages for the seduction of the plaintiff's daughter. Plea, general issue. The jury returned a verdict of one thousand dollars for the plaintiff.

The defendant took exceptions to the admission of testimony, and the refusal of the presiding justice to give requested instructions, as appears in the opinion.

*W. H. Judkins, W. H. Newell and W. B. Skelton,* for plaintiff.

Distinct facts made by parties in negotiations for a compromise are admissible : *Cole* v. *Cole,* 33 Maine, 542 ; *Sanborn* v. *Neilson,* 4 N. H. 501 ; *Hamblett* v. *Hamblett,* 6 N. H. 333 ; *Eastman* v. *Amoskeag Co.* 44 N. H. 143 ; *Harrington* v. *Lincoln,* 4 Gray, 563 ; *Gerrish* v. *Sweetsir,* 4 Pick. 374 ; *Akers* v. *Demond,* 103 Mass. 318 ; *Durgin* v. *Somers,* 117 Mass. 55, and cases cited ; *Emerson* v. *Boynton,* 11 Gray, 395 ; *Dickinson* v. *Dickinson,* 9 Met. 471 ; *Abbott* v. *Andrews,* 130 Mass. 145 ; *Hartford Bridge Co.* v. *Granger,* 4 Conn. 142 ; *Fuller* v. *Hampton,* 5 Conn. 416 ; *Travis* v. *Barger,* 24 Barb. 614 ; *Evans* v. *Smith,* 17 Am. Dec. 74 ; *Manistee National Bank* v. *Seymour,* 7 West. Rep. 178 (Mich.). *Webber* v. *Dunn,* 71 Maine, 331, when carefully examined, will not be found to conflict with the above authorities.

The fact disclosed by the testimony of the juryman has some tendency to destroy the presumption of innocency which the law, at the start, throws around the defendant. Therefore it is admissible. *Taylor* v. *Gilman,* 60 N. H. 506 ; *Egan* v. *Bowker,* 5 Allen, 449 ; *Hustings* v. *Stetson,* 130 Mass. 76 ; *Morgan* v. *Frees,* 15 Barb. 352 and cases cited.

Refusal of the court to instruct the jury that "unless the services rendered by the daughter were such as the plaintiff could command and were not voluntary on her part the plaintiff could not recover :" *Emery* v. *Gowen,* 4 Maine, 33 ; *Mercer* v. *Walmsley,* 9 Am. Dec. 486 ; *Vossel* v. *Cole,* 47 Am. Dec. 136 ; *Davidson* v. *Abbott,* 52 Vt. 570 ; *Bartley* v. *Richtmyer,* 53 Am. Dec. 338 ; *Herring* v. *Jestic,* 2 Houst. (Del. ) 66 ; *Martin* v. *Payne,* 9 Johns. (N. Y.) 388.

*F. L. Noble and R. W. Crockett,* for defendant.

In an action for seduction the plaintiff cannot prove, in aggravation of damages, that the defendant had procured an act of abortion on the daughter. The action cannot be based upon the commission of the seduction alone, no matter how wrongfully done, but must be based upon the loss of service of the daughter. Addison on Torts Vol. II, 513 ; *Klapper* v. *Brommer,* 26 Wis. 372.

There was no testimony in this case of any acts of criminal intercourse between the defendant and the plaintiff's daughter in April, 1892, or prior thereto. This testimony was evidently introduced by the plaintiff to aggravate the damages and not for the purpose of proving the acts alleged in the plaintiff's writ, and was therefore irrelevant and inadmissible.

Offer of compromise : An admission of a fact not made simply because it is a fact, but expressly or clearly for the sake of and as a part of an attempted compromise, is not competent evidence in a subsequent action against the party making it. *Cates* v. *Kellogg,* 9 Ind. 506 ; *Harrington* v. *Lincoln,* 4 Gray, 563 ; *Louisville, etc. R. R.* v. *Wright,* 7 Am. St. Rep. 432, at 442.

Conversation while engaged in the endeavor to settle difficulties is privileged and not to be used against either party, unless one of the parties admits a fact because it is a fact. *Hart Bridge Co.* v. *Granger,* 4 Conn. 142 ; *Strong* v. *Stewart,* 9 Heisk. 137 ; *Rideout* v. *Newton,* 17 N. H. 71 ; *Wis. St. Bank* v. *Dutson,* 11 Wis. 371 ; 39 Mich. 274 ; 64 Ind. 545. Testimony of juror collateral and related to a different case. 1 Greenl. Ev. § 52 ; *Hubbard* v. *R. R. Co.* 39 Maine, 506 ; *Branch* v. *Libbey,* 78 Maine, 321 ; *Parker* v. *Portland Pub. Co.* 69 Maine, 175.

If the daughter is of age, some act of service is necessary on the part of the daughter to enable the father to maintain the action ; but however slight the act of service may be, it must be a real genuine service, such as the parent may command. 2 Addison on Torts, Wood's Ed. 514, note and cases ; 2 Greenl. Ev. § 572.

Had the plaintiff's daughter, although of age, resided in the plaintiff's family and in return for her board or other support done the acts of service mentioned above, the plaintiff could recover ; but the evidence in this case shows that she supported herself from her own wages earned in the mills, and whatever acts of service she performed as a member of her father's family were purely voluntary on her part, and that the father had no right to command the performance of them.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WISWELL, J.  Action on the case by a father for the seduction of his adult daughter.  The defendant alleges exceptions for the following causes :

1.  Because evidence was admitted tending to show that, on about the first of April, 1892, the defendant accompanied the daughter to Portland when and where an abortion was performed upon her, and that upon her return home she at once became sick and so continued for some three weeks.  The admission of this evidence was perfectly proper.  It was material and tended to prove the gist of the action, loss of the service of the daughter by reason of her sickness following the alleged seduction, pregnancy and abortion.  The plea was the general issue ; the seduction was denied.  If the defendant accompanied the daughter, when she went to another city for the above stated purpose, it was a pertinent fact bearing upon the issue of seduction by him.

The defendant's counsel, at the trial, stated as his grounds of objection to the admissiblity of this evidence, that there was no allegation of intercourse in April, or near that time.  This is not necessary.  The specification of the times and places, when and where criminal intercourse took place, alleged the first time as on or about the first day of January, 1892, about three months prior to the time when it was claimed that the defendant accompanied the daughter to Portland.

II.  The defendant next takes exception because witnesses were allowed to testify as to certain statements made by the defendant, when, as claimed by his counsel, the defendant was trying to effect a compromise of this suit.

The law very wisely excludes the testimony of mere offers of compromise.  When one against whom a claim is made denies his liability or the extent of it, but for the purpose of buying his peace, makes an offer of concession or compromise, this should have no effect whatever against him, and therefore ordinarily should not be admitted in evidence.  The same is, of course, true if a person making a claim against another, for the purpose

of preventing litigation, offers to settle for a less sum than he claims to be entitled to.    But if during the negotiations either makes an admission of a fact material to the issue, because it is a fact, such admission, both upon principle and authority, may be put in evidence the same as if made. elsewhere and under different circumstances.

This important distinction was early recognized in this State in the case of *Cole* v. *Cole,* 33 Maine, 542, as it has been by all other courts where the question has arisen.

In this case the evidence was admitted for this purpose only. The presiding justice, when the evidence was offered, said : "Mere offers to compromise a suit I shall exclude, but any admissions of matters of fact in relation to his connection with plaintiff's daughter I shall admit." And in his charge he very clearly explained to the jury that the offer of compromise made should have no bearing upon the case and that testimony of the conversation was only material so far as it showed any admissions of material facts.

It may often happen that such admissions of facts are so connected with negotiations of compromise that the whole conversation must be admitted in evidence, in which case care should be taken, as it was in this case, to explain to the jury the purpose of the testimony and to draw their attention to the distinction between that portion which is pertinent and proper for them to consider and that which is not.

III.    The next exception is to the admission of the testimony of a juryman at a prior term of the court, who was allowed to testify to a conversation had with him by the defendant, wherein the defendant asked him "to hang out for him." The defendant's counsel now claims that this conversation was with reference to another case,—an indictment then pending against him and about to be tried.    Before this testimony was admitted, the justice presiding inquired if the conversation was about this case, and upon being answered in the affirmative said : "I do not see any grounds for excluding any of your client's admissions." The record does not disclose that the counsel raised the objection that the conversation was not about the case on trial.    As it appeared

when the testimony was offered, it was clearly admissible. If it was ascertained subsequently that the conversation was about another trial, the counsel should have asked to have had it stricken out and for appropriate instructions.

IV. Lastly, exception is taken to the refusal of the court to instruct the jury that unless the services rendered by the daughter were such as the plaintiff could command and were not voluntary on her part, the plaintiff could not recover.

This form of action is based upon the legal fiction of loss of service, and the relation of master and servant must exist. In the case of a minor daughter such relation is presumed to exist between her and her father, and no acts of service need be proved, unless he has divested himself of the right to control her person or to require her services. When the daughter is of age, it must appear that she resided in her father's family and performed some acts of service, however slight. This was decided to be the law in this State in the case of *Emery* v. *Gowen*, 4 Greenl. 33, a case which has been frequently cited and followed by the courts of other states.

The learned justice who presided, in his charge to the jury, fully and clearly explained the somewhat peculiar rules of law which are applicable to an action of this kind, in the course of which he said : " But if, at the time of the seduction, she is of age, that is, more than twenty-one years of age, then it must appear that the family relations continued to exist, that she was at least a resident of her father's family and performed some service. But it is held that the most trifling services, under those circumstances, are sufficient to create the relation." This instruction was all that the defendant was entitled to and was in accordance with the weight of authority. See *Emery* v. *Gowen*, *supra* ; *Mercer* v. *Walmsley*, 5 Harris & Johnson (Maryland), 27 ; *Vossel* v. *Cole*, 10 Missouri, 634 ; *Davidson* v. *Abbot*, 52 Vt. 570 ; *Martin* v. *Payne*, 9 Johns. 388, and cases collected in the Am. & Eng. Encyl. of Law, Vol. 21, pages 1009 to 1017, under title of Seduction.

It is not necessary that the services of an adult daughter should be such as the father can command. Ordinarily a father

cannot command the service of a daughter of age, — he cannot compel the service of his child over twenty-one as he can that of his minor child. It is sufficient if by mutual assent the relation of master and servant did in fact exist.

*Exceptions overruled.*