## Thomas Fitzgerald *v*. Patrick H. Connors.

Special Term at Rutland, November, 1914.

Present:   Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

. Opinion filed November 30, 1914.

*Seduction—Civil Action—Defences—Emancipation of Child—*
*Damages—Humiliation—Requested Instructions—Harmless*
*Error—Remarks of Judge.*               .     .

In an action by a father for the seduction of his minor daughter, evi-
dence that she worked away from home and was allowed to keep
most of her wages, but that she returned home from time to
time and helped with the work there, does not conclusively show
that she was emancipated so as to defeat recovery.

Where plaintiff's daughter was seduced while she was a minor, he
may maintain an action for her seduction, although her child was
born after she became of age.               .

In an action for the seduction of his minor daughter, plaintiff was
properly allowed to testify as to his resulting humiliation, though
he had not alleged that as special damage.            .

In an action for the seduction of plaintiff's minor daughter, an in-
struction that the jury must find that defendant seduced the
daughter while she was a minor and under control of plaintiff
and while he had a right to her services, sufficiently stated the
applicable law relating to emancipation.

In an action by a father for the seduction of his minor daughter,
where the charge of the court did not permit recovery if the
daughter was over 18 years of age when seduced, defendant's
requested instruction on the presumption of emancipation of the
daughter on her becoming 18 years of age was properly ignored.

The right of a father to maintain an action for the seduction of his
daughter is based on the existence of the relation of master and
servant at the time of the seduction, which relationship is pre-
sumed if she was then a minor, but not if she had then reached
her majority, although it may in fact exist thereafter so as to
entitle the father to recover.            .

The remark of the judge in the hearing of the jury in denying defend-
ant's motion for a continuance on the ground of the inability of

his former counsel to be present, that if defendant had any defence he would have no difficulty in procuring other counsel was not prejudicial, where defendant had other competent counsel then present who did defend him.

CASE for the seduction of plaintiff's daughter. Plea, the general issue. Trial by jury at the March Term, 1914, Rutland County, *Miles*, J., presiding. At the close of the evidence the defendant moved for a directed verdict on the grounds stated in the opinion. Motion overruled, to which defendant excepted. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Walter S. Fenton* for the defendant.

*Joseph C. Jones* for the plaintiff.

HASELTON, J. This is an action on the case for the seduction of the plaintiff's daughter who was under the age of eighteen at the time of the seduction. Trial by jury was had, and verdict was rendered for the plaintiff for twelve hundred dollars, which was remitted by the plaintiff to eight hundred dollars, and thereupon judgment was entered on the verdict for the smaller sum. The defendant excepted.

At the close of all the evidence the defendant moved for the direction of a verdict in his favor on the ground that the daughter was emancipated in fact at the time of the seduction. But the evidence does not so show. The evidence shows that she was working away from home for wages which, for the most part at least, she was allowed to keep; but the evidence also tends to show that she was at home from time to time and while there helped about the housework, and the outdoor work as well, digging potatoes, milking, cutting corn, and things of that sort.

The second ground of the motion was that the evidence was overwhelming, that the relationship of master and servant did not exist between the plaintiff and his daughter, and that, such relation not existing, there could be no loss of service and hence no action for seduction. This ground is like the one just considered, and what is said above applies here, and a

verdict could not be directed on this ground, for to do so would be to disregard the evidence.

A child was born in consequence of the seduction, but not until the daughter had passed the age of eighteen, the age of majority of women in this State. Constitution of Vermont, Chap. 1, Art. 1, *Sparhawk* v. *Buell's Admr.,* 9 Vt. 41, 72, 73; *Young* v. *Davis,* Brayt., 124.

In view of this fact there was a third ground of the motion, numbered as one, which was based upon the claim that the daughter was emancipated by operation of law at the time the child was born. But that is immaterial, as the birth of the child was not the time when the cause of action accrued.

During the trial the plaintiff was asked what effect the knowledge of his daughter's condition, when it came to him, had upon his mind. His answer was taken, under objection and exception, on the ground that such damages were not declared for in the declaration, and he testified in strong terms to his feeling of humiliation. This was admissible without an allegation of special damages. *Rollins* v. *Chalmers,* 51 Vt. 592, 596. This exception does not appear to be briefed but we mention it since the defendant may take a different view of his brief than does the Court.

The defendant submitted requests to charge and excepted to the refusal of the court to comply with its third, fourth, and fifth requests. These related to the question of emancipation, and while the court did not use that word it explained the legal points involved in language easily understood and with entire correctness.

The court charged that in order to maintain the action the plaintiff must show, and the jury must find, that the defendant seduced the plaintiff's daughter while she was a minor and under the control of her father and while her father had a right to her services. This is the law applicable here, and this instruction covered the defendant's requests so far as they were sound and applicable to the case.

The defendant requested a charge on the presumption of law as to the emancipation of the daughter upon her arrival at the age of eighteen years, and complains because this request was not complied with. But the request was properly ignored for it had no application to this case, and the charge of the court did not permit a recovery if the child was over eighteen

years of age when seduced. One request made the question of emancipation in fact to depend entirely upon whether the daughter was working away from home and receiving and using her own wages with the permission of the plaintiff, but these facts were not conclusive.

For reasons that are historical rather than logical, in order for a father to maintain the action, the relation of master and servant must exist, so that the father has the right to the services of the daughter, and the seduction must be while such relations exist; but such relations do exist until the child is eighteen, unless emancipation in fact is found, and without emancipation the right to service, and the loss of service by the seduction are presumed. *Rollins* v. *Chalmers,* 51 Vt. 592; *Emery* v. *Gowen,* 4 Me. 33, 16 Am. Dec. 233; *Beaudette* v. *Gagne,* 87 Me. 534, 33 Atl. 23; *Kennedy* v. *Shea,* 110 Mass. 147, 14 Am. Rep. 584; *Blanchard* v. *Ilsley,* 120 Mass. 487, 21 Am. Rep. 535, 537; *Middleton* v. *Nicholas,* 62 N. J. Law, 636, 43 Atl. 575; *Barber* v. *Stevenson,* 32 Fed. 66.

The relation of master and servant may and often does exist between a father and his daughter after the daughter has arrived at the age of eighteen, and in such case the father may maintain this action. *Davidson* v. *Abbott,* 52 Vt. 570, 36 Am. Rep. 767. But it is not necessary here to discuss such a case.

After verdict and before judgment, the defendant filed a motion to set aside the verdict. The only claim under this motion that is relied upon is that during the empanelling of the jury the presiding judge made remarks in the presence of the entire panel which were prejudicial to the defendant. The case had once been continued. A motion for another continuance was made and argued in open court, both parties being represented by counsel in the argument. The ground of the motion was the inability of the original attorney for the defendant to be present and conduct the case. In announcing the decision not to continue the case, the decision being made in open court as the arguments had been, the presiding judge said: "The defendant called me on the telephone night before last and I then stated to him that his case stood for trial the following morning. He informed me of his situation, and I then said to him that we would hold the jury until this morning, but that he must be ready at this time. He has had two nights and a day

in which to secure other counsel. The jury has been kept here at a great expense to the State of Vermont, and the court feels that if he had any defence he would have no difficulty in getting counsel to make it for him.'' Thereupon the trial of the cause proceeded, defendant being represented by counsel of good standing, and no exception being taken to these remarks. The jurors heard, and as they said, understood the remarks. The court treated the defendant with consideration. The remark that if the defendant had a defence he would have no difficulty in getting counsel might have been prejudicial if the defendant had been present without counsel, but as counsel was there to defend him, and did defend him, any inference that lack of counsel would be indicative of lack of defence was impossible.

Since the remarks were not prejudicial, it is unnecessary to consider whether or not an exception taken at the time of the remarks was necessary to raise the question of their propriety.

*Judgment affirmed.*