[Crim. No. 1484. Second Appellate District, Division Two.—June 20, 1927.]

THE PEOPLE, Respondent, v. LEWIS M. STOLL, Appellant.

A. T. Johnson and H. V. Richardson for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and James S. Howie, Deputies Attorney-General, for Respondent.

CRAIG, J.—The appellant was accused by information of the crime of rape and incest. During the trial, on motion of the district attorney, the charge of rape was dismissed. The defendant was found guilty of the crime of incest. This appeal is taken from the judgment and the order denying his motion for a new trial.

The only points argued by the appellant in his brief are that the court erred in refusing to give an instruction to the jury that the complaining witness was an accomplice, and that it was error to admit evidence showing her pregnancy.

It appears that the prosecutrix is the daughter of the defendant and was between fourteen and fifteen years of

age at the time the act constituting the crime was charged to have been committed. The district attorney on direct examination drew from a physician that the prosecuting witness was pregnant on the fifth day of October, 1926. On cross-examination this witness testified that the pregnancy was only six to eight weeks advanced. The case was tried on November 17, 1926. The information alleged that the act of incest occurred on or about April 10, 1926. Appellant argues that it is obvious that if the girl was pregnant this cannot be charged to the defendant, and that his motion to strike this evidence should have been granted. ■ That proof of this character is generally competent and relevant and admissible cannot be doubted. Its purpose is to establish the *corpus delicti* of the charge. (*People* v. *Soto,* 11 Cal. App. 431 [105 Pac. 420].) In this connection it must be remembered that evidence which tends to prove the *corpus delicti* need not even tend to connect the defendant with the commission of the offense. (*People* v. *Tarbox,* 115 Cal. 57 [46 Pac. 896].) ■ Hence this evidence was properly received. However, since from the testimony of the physician on cross-examination it was established that the intercourse resulting in the pregnancy of the prosecuting witness could not have so occurred as to coincide with the latter's version of the time and place of the commission of the alleged offense, it cannot be said that the fact of her pregnancy tended to prove the *corpus delicti* of the crime charged. The court should have granted the motion to strike or have directed the jury to disregard this evidence. (16 Cor. Jur., p. 897, sec. 2203, 2; *Dossett* v. *State,* 19 Ala. App. 496 [98 South. 359]; *Beaudette* v. *Gagne,* 87 Me. 534 [33 Atl. 23].) However, we have no hesitation in holding that in this instance the error neither injuriously affected the rights of the defendant nor prejudiced him in the minds of the jury. In fact, it would appear that this testimony was clearly in his favor, strongly suggesting that someone other than the defendant had had intercourse with the prosecuting witness, thus furnishing a possible motive for an unfounded charge.

■ The prosecuting witness was not an accomplice. Both appellant and respondent rely upon *People* v. *Stratton,* 141 Cal. 604 [75 Pac. 166]. In that case, referring to the crime of incest, it is said, at page 609: ''If the prosecutrix,

being of the legal age of consent, consents to the incestuous intercourse, unquestionably she is *particeps criminis*, and her testimony, like that of any other accomplice, uncorroborated, is insufficient to uphold a conviction. (*Schoenfeldt* v. *State*, 30 Tex. App. 695 [18 S. W. 640].) But if, upon the other hand, she is the victim of force, or fraud, or undue influence, or is too young to be able to give legal consent, so that she does not wilfully and willingly join in the incestuous act, she cannot be regarded as an accomplice. (*Porath* v. *State*, 90 Wis. 527 [48 Am. St. Rep. 954, 63 N. W. 1061].)'' Of course, the incestuous act referred to is an act of sexual intercourse. The age at which an unmarried female is able to give legal assent to such an act is eighteen years. (Pen. Code, sec. 261, subd. 1.) Appellant insists that since under section 26 of the Penal Code those over fourteen years of age are capable of committing crime, and that under section 285 no exception is made of children above the age of fourteen years, a girl under eighteen and over fourteen who commits fornification with a person within the degrees of consanguinity within which marriage is declared by law to be incestuous is guilty of incest, and therefore would be an accomplice in a case wherein the other party to the act was a defendant. This argument overlooks the fact that if the female is the victim and has not wilfully and willingly joined in the act she is not an accomplice, and that under our statutes, being under the age of legal consent to such an act, regardless of her actual assent thereto, she cannot be said as a matter of law to have wilfully and willingly joined in the intercourse.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.