[Crim. No. 2603. Second Appellate District, Division One.—November 16, 1934.]

THE PEOPLE, Respondent, v. MANUEL GAMA, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was charged by information filed by the district attorney of Los Angeles County, the information containing two counts, covering separate offenses. Jury trial having been waived, the matter was by stipulation submitted on the transcript of the preliminary hearing and certain additional evidence that was taken by the court; whereupon the court found appellant guilty as to count two and dismissed count one of the information. Motion for new trial was made and denied, and judgment and sentence as to count two was made and entered. This appeal is from the judgment and from the order denying motion for new trial.

Appellant claims the evidence is insufficient to support the judgment finding him guilty as charged in count two for two reasons:

■ First, that the proof of relationship between the defendant and his victim was made only by the victim, who is designated by appellant as an accomplice whose evidence is uncorroborated.

■ Second, that the evidence introduced as to the relationship was solely a conclusion or hearsay.

The victim being a child of the age of fifteen years, there is nothing whatever to the point as to her being an accomplice. As to her testimony that the defendant was her uncle and that he was a brother of her father, there is in addition an admission of the defendant made to the arresting officer that he was a brother of the victim's father. Appellant's contention that the victim was an accomplice is answered by the case of *People* v. *Stoll,* 84 Cal. App. 99 [257 Pac. 583].

Not a single question was asked of the victim upon cross-examination to ascertain the basis of her statement that appellant was her uncle. As stated in respondent's brief: "Such relationship was apparently and most obviously conceded throughout the trial, as appellant did not deny such relationship nor in fact was he questioned by his own counsel regarding it. In fact he expressly admitted it to exist."

The judgment and order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1935.