[Crim. No. 4410.   Second Dist., Div. One.   Jan. 30, 1950.]

THE PEOPLE, Respondent, v. JOHN BAKEWELL PETTIS, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with the crime of incest in that he had incestuous sexual intercourse with his daughter.  A prior conviction of the crime of breaking and entering, a felony, in the State of Iowa for which he served a term of imprisonment in the state prison was also charged against him.

Defendant entered his plea of not guilty and admitted the prior conviction.  He also pleaded not guilty by reason

of insanity, but the record does not disclose what disposition was made as to the last-mentioned plea.

The cause proceeded to trial before a jury on the issue raised by defendant's plea of not guilty, resulting in a verdict of guilty as charged in the information. Motion for a new trial was denied and judgment pronounced. From the judgment of conviction defendant prosecutes this appeal.

As ground for reversal appellant earnestly insists that the evidence is insufficient to sustain the judgment of conviction in that the complaining witness was an accomplice and that her testimony was not corroborated.

The factual background which gave rise to this prosecution may be thus epitomized:

The complaining witness testified that during the first part of April, 1949, she resided with her father, mother and two brothers, the latter of whom were 9 and 10. That their residence consisted of a living room, kitchen, dining room and bedrooms, totaling eight rooms in all. The complaining witness was 17 years of age at that time. In the early morning hours of April 3, 1949, after having been "out on a date" she returned home with her escort. Upon entering the house she was reprimanded by her father, the appellant, for coming home at such a late hour. An argument ensued concerning the hour at which she returned home. At this time, according to the complaining witness, the defendant was in the nude. The former then retired to her bedroom which she occupied alone. The other children had their own room, while the father shared a room across the hall with his wife, the mother of the complainant. After the latter was in bed, according to her testimony. her father entered her room and an act of sexual intercourse took place between him and his daughter. Following this appellant left the room.

According to the testimony of the complaining witness, acts of sexual intercourse had taken place between her and the appellant since she was 11 or 12 years old. She testified that she did not bring this state of affairs to anybody's attention because her father had told her not to tell anyone, and because she was afraid. She testified that although her father had never threatened her she was, nevertheless, afraid.

About two weeks following the foregoing act of April 3, the complainant and her mother went to the Georgia Street Juvenile Bureau of the Los Angeles Police Department where they made a complaint about the appellant. This complaint

concerned his conduct with his daughter. At this time the latter told the authorities about her relations with her father. She had previously told her mother and sister about these relations prior to the time she accompanied her mother to the police station. She testified that her mother was the first person she told.

On cross-examination the complaining witness testified that before and during this act of sexual intercourse on April 3, she said nothing to her father, did not protest, did not "fight" him, but "just submitted to his advances." She did not remember whether her father said anything to her or not. She testified that she went on her "date" on April 3 with her father's permission. In her testimony she admitted that on the aforesaid night she was mad at her father and believed she probably was also mad at him on the following day, although she spoke to him. That she was not mad at her father, however, at the time of the trial.

The complaining witness testified to acts of sexual intercourse she had had with another man, although she did not recall upon how many occasions, testifying that it was quite a few times, "possibly ten." She was not married to this man. That she first had intercourse with him about a year and a half prior to the time of trial.

The same witness testified that she was receiving medical treatments for a condition involving her private parts. She was unable to state the exact nature of this condition, stating that it might be venereal disease or some glandular trouble. That a Mr. Martin or a Mr. Meyers was providing some of the money for these medical treatments.

The complaining witness testified that she could not remember the exact number of times her father had had intercourse with her but stated it usually occurred when he was drinking, and that he usually had sexual intercourse with her on occasions when he was drinking.

Margaret Pettis, the mother of the complaining witness and the wife of the appellant, testified that she took her daughter to the authorities to make a report concerning her husband on April 19. That the main reason for such a complaint was the drunken behaviour of the father.

Mrs. Pettis testified that on the night here in question she had retired with her husband, that she was asleep when her daughter came in and did not hear any conversation or argument between her husband and daughter. That she did not know whether her husband "got up or stayed in bed."

The appellant testified in his own behalf that he was a playground director and was the father of the complaining witness. He recalled the argument of April 3 at about 1 or 2 o'clock in the morning. He stated the reason for the argument was that his daughter had come in later than he had given her permission to remain out. That he was in bed when the complaining witness and her escort returned and that he stayed in bed. He testified that the doors were all open in the house and that he told the man who escorted her home "What he thought of him for taking a young girl her age. . . ." That he did not see the man. The father testified that his daughter went to bed and he turned over and went to sleep. That he was sleeping with his wife at the time. He denied having an act of sexual intercourse as charged in the information, and also denied having acts of intercourse with his daughter at any time or that he ever attempted to have such relations with her. Appellant denied on cross-examination that he was a heavy drinker of intoxicating liquors. While admitting that he drank intoxicating liquor on occasions, he denied that he ever drank to excess.

Appellant's first and main contention is that the alleged victim was an accomplice and that, therefore, her testimony must be corroborated. We are persuaded that the complaining witness being under age of consent (Pen. Code, § 261, subd. 1) she was not at law an accomplice. It therefore follows that her testimony alone was legally sufficient to sustain the conviction of the act charged. The incestuous act referred to is an act of sexual intercourse. Under the code section above cited, an unmarried female under the age of 18 years is incapable of giving legal assent to such an act. Appellant earnestly insists that since, under subdivision 1 of section 26 of the Penal Code all those over 14 years of age are capable of committing crime, and that under section 285 no exception is made of children over the age of 14 years, it follows that a girl under 18 and over 14 years of age who commits fornication with a person within the degrees of consanguinity within which marriage is declared by law to be incestuous, is guilty of incest, and therefore, would be an accomplice in a case wherein the other party to the act was a defendant. This contention is answered adversely to appellant in the case of *People* v. *Stoll*, 84 Cal.App. 99, 102 [257 P. 583], wherein the court says: "This argument overlooks the fact . . . that under our statutes, being under the age of legal consent to such an act,

regardless of her actual assent thereto, she can not be said as a matter of law to have willfully and willingly joined in the intercourse" (see, also, *People* v. *Hamilton*, 88 Cal.App.2d 398, 401 [198 P.2d 907]). In the instant case the complaining witness was 17 years of age at the time of the commission of the offense charged. Not being an accomplice, her testimony was not required to be corroborated.

Finally, appellant asserts that should it be held that the testimony of the complaining witness, if capable of belief, is alone sufficient to support the verdict, her testimony, when considered in the light of the circumstances surrounding the commission of the offense charged, must be held by this court to be so inherently incredible as to be no evidence at all. It is true that the general rule that appellate courts will not ordinarily disturb a verdict on the ground of insufficiency of the evidence when there is a conflict in the evidence is subject to the exception that when the preponderance of evidence against the verdict is so great as to produce a conviction that in rendering it the jury must have been under the influence of passion or prejudice, an appellate tribunal when so convinced may, in the interests of justice, order a retrial. It may readily be regarded as unusual conduct on the part of any sensible person to so act as the complaining witness testified the appellant did and acted under the circumstances hereinbefore narrated. Yet we cannot see how it could be held by an appellate court that the testimony itself disclosing such conduct, is not true or is improbable upon its face. True, the testimony of the complaining witness revealed a shocking and unusual state of affairs, but before we are authorized to stricture such testimony as not true, inherently improbable upon its face, or unbelievable *per se*, it must appear that something has been done that it would not seem possible could be done under the circumstances described. A reviewing court is not authorized to reject testimony of a witness that has been believed by the duly constituted triers of fact unless the falsity of such statements be apparent without resort to inferences or deductions. Because evidence discloses circumstances that are unusual it cannot be branded as inherently improbable (*People* v. *Haydon*, 18 Cal.App. 543, 555, 556 [123 P. 1102, 1114] ; *People* v. *Klinkenberg*, 90 Cal. App.2d 608, 626 [204 P.2d 47, 613]).

The instructions given to the jury were not brought here on this appeal and no complaint is made that they were erroneous or unfair. We must, therefore, assume that appellant was afforded the benefit of a cautionary instruction, if re-

quested, to the general effect that a charge such as the one here in question is easily made and difficult to disprove, for which reason the testimony of the prosecuting witness should be examined by the jury with caution (*People* v. *Putnam,* 20 Cal.2d 885, 889 [129 P.2d 367]).

Being unable to say in the case now engaging our attention that it is made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below, we are powerless to set aside, on the ground of insufficiency of the evidence, the verdict of the jury (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]).

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.