GEORGE BALL, Plaintiff in Error, *v.* JAMES E. BRUCE, Defendant in Error.

21 161
48a 374

ERROR TO EDGAR.

An action on the case for seduction may be sustained, not only by a parent, but by a guardian, master or other person, (or brother-in-law) standing in *loco parentis* to the person seduced.

If the person seduced is a minor, the action will be sustained, whether she resided with the plaintiff or elsewhere, at the time of the seduction; if she was legally under the control of, or might be required to perform service for the plaintiff.

If the person seduced is not a minor, she must reside with and render service for the plaintiff; but slight acts of service will be sufficient to sustain the action.

The damages need not be measured by the services rendered, but may be exemplary.

THIS is an action of trespass on the case, brought by George Ball against James E. Bruce for the seduction of the sister-in-law of the plaintiff, one Eliza Alsup, an orphan girl, aged about fourteen years.

The declaration alleges that she was an orphan, and the sister-in-law of plaintiff, under his care and in his service; that the defendant, Bruce, fraudulently and for the purpose of debauching and seducing her, and depriving the plaintiff of her service, etc., enticed away and obtained the custody of the said Eliza Alsup, and while she was so wrongfully under him and in his custody, did debauch her, etc., and that subsequently she was delivered of a child, and that plaintiff incurred a heavy expense in nursing and taking care of her, and in loss of service, etc., for which the suit is brought.

The defendant filed a demurrer to the declaration, and for cause of demurrer, set out that the declaration does not show that she owed the plaintiff any service, or that he had any power to take her person to his possession, and that he does not claim to be the parent or guardian of said Eliza, nor does he allege

that he has any contract of apprenticeship with or concerning the said Eliza by which he could control her person against her will.

The court, HARLAN, Judge, presiding, sustained the demurrer to the declaration and rendered judgment in favor of the defendant for costs. The plaintiff excepts to the judgment of the court sustaining the demurrer, and brings the case upon writ of error to this court, to reverse the judgment of the court below, and assigns for error that the judgment of the court is contrary to law.

A. GREEN, for Plaintiff in Error.

S. P. READ, for Defendant in Error.

WALKER, J. This was an action on the case, instituted by plaintiff against defendant for the seduction of Eliza Alsup, the sister-in-law of plaintiff. The declaration contains one count, which alleges, that she was an orphan, and the sister-in-law, and servant of, and was under the care, of plaintiff. That defendant, fraudulently, and for the purpose of debauching and seducing her, and depriving plaintiff of her services, enticed her away from plaintiff, and obtained her custody, and while she was so wrongfully in his custody, he debauched her, and that she was subsequently delivered of a child, and that plaintiff in consequence thereof incurred great expense in nursing and taking care of her, and in loss of service.

To this declaration defendant filed a demurrer, which was sustained by the court, and a judgment was rendered against the plaintiff for costs; to reverse which, this writ of error is prosecuted.

The action on the case for seduction may be maintained by the parent, guardian, master, or other person standing in *loco parentis*, for debauching the daughter, ward, or servant. And when the seduction is of a minor, the parent, guardian or person occupying the place of a parent, may maintain the action whether the minor resides with the plaintiff at the time of the seduction, or elsewhere. If the minor be legally under the control of, and may be required to perform service for the plaintiff, that gives the right to maintain the action. If, however, the person seduced be over age, she must reside with, and render service for the plaintiff, to authorize him to recover, although slight acts of service are sufficient. The master has the same right of recovery for debauching and seducing his apprentice or servant that the parent has; but in such cases it must be averred and proved that the relation of master and ser-

vant in fact existed at the time the injury was committed. It is, however, not necessary to prove a contract for service ; but evidence must be given of acts of service, though slight evidence will suffice, such as making tea, mending clothes, or other such like acts. The allegation and proof of service are necessary because the action is based upon the loss of service, and without such loss the plaintiff cannot recover, although the jury are not confined to its value in assessing damages, but may take into consideration the wounded feelings of the parent, the disgrace brought upon the family, and the loss of the society of the child.

It has also been held that plaintiff may recover where the person seduced did not reside with him, at the time of the seduction, if the defendant by fraud and deceit obtained possession of her, as a servant, when he intended to and did seduce her while under his control. And it is a question for the determination of the jury, whether he hired her *bona fide* as a servant, or whether it was only a pretense wickedly to get possession of her person, to seduce her. If the object of the defendant be with the wicked intention of seducing her, then the relation of master and servant is not established between them, so as to protect him from an action by the person standing in *loco parentis*, or by the master. Fraud avoids such a contract precisely as it does any other, and will not protect the defendant from liability for the seduction.

The declaration in this case avers every fact necessary to maintain the action. It is alleged that plaintiff was the master and that the girl seduced was his servant, and that plaintiff had been put to expense by her confinement, and that he had lost her services by reason of the seduction. That she was in his care and custody as his servant, and that defendant, with the wicked, fraudulent and unlawful intention of seducing her, enticed her from the plaintiff, and obtained her custody and control as his servant, and while she was so wrongfully under his care and custody he debauched and carnally knew her. No defect is perceived in this declaration, either in substance or in form. If plaintiff was the master, and she was the servant, and in consequence of her seduction he was deprived of her services, why may he not recover as any other master for the seduction of his servant ? Or if this loss was produced by the fraud of defendant, we conceive it can make no difference that plaintiff occupied the relation of brother-in-law to the seduced, as well as that of her master. Even if it were conceded that the relation of brother-in-law gives no right to recover for the seduction of his sister-in-law, it surely would not prevent him from recovering when she was a member of his family rendering him service,

or when she has, for the fraudulent purpose of being seduced, been enticed from his custody and service. Our laws cannot be subjected to the reproach, that they afford no remedy for so flagrant a wrong, because the victim has no parents or guardian, but is the servant of a relative. Such a wrong cannot be sanctioned by courts of justice, as to permit a man by fraud to get the custody of a mere child, for the purpose of seduction, and while under his care and protection, to accomplish his purpose, and then be heard to say as a defense that owing to her misfortune in not having parents or a guardian, he has incurred no liability. The law is surely not so impotent in its power to protect the weak and inexperienced against the wicked and depraved, as not to punish such wrongs by inflicting damages, commensurate to the injury.

This declaration is substantially sufficient, and the court below erred in sustaining the demurrer to it, and the judgment on the demurrer must be reversed and the cause remanded.

*Judgment reversed.*