By the Court.—McAdam, J.
The action is by the plaintiff as the father and master of Sabina F. Kerns to *229 recover damages from the defendant for seducing the plaintiff’s daughter and depriving him of her assistance, society, comfort and service. The jury found all the facts in favor of the plaintiff and returned a verdict in his favor, assessing the damages at $3,500.
For the injuries received through his daughter’s dishonor the plaintiff was entitled to recover exemplary damages. This is a universal rule. Lipe v. Eisenlerd, 32 N. Y., 229; Damon v. Moore, 5 Lans., 454; Knight v. Wilcox, 18 Barb., 212; Bartley v. Richtmyer, 4 N. Y., 38, 44; Ingersoll v. Jones, 5 Barb., 661; Ball v. Bunce, 21 Ill., 161. In Lipe v. Eisenlerd, 32 N. Y., 236, Denio, Ch. J., said : “ The object of the action, in theory, is to recover compensation for the loss of the services of the person seduced. This is so far adhered to that there must be a loss of that kind or the action will fail; but when that point is established, the rule of damages is a departure from the system upon which the action is allowed. The loss of service is often merely nominal, though the damages which are recovered are very large.”
“ The action is based on mere loss of service, though this is eminently a legal fiction,” says Sedgwick on Damages, vol. 2, 7th ed., p. 512, “ for the damages are generally large, and are left much to the discretion of the jury.”
In Lampman v. Hammond, 3 T. & C., 294, the court said: “ The father may maintain the action for the seduction of his minor daughter, upon the presumption, without proof, of a loss of service, because he is entitled to command such service.”
In Ingersoll v. Muller, 47 Barb., 47, the court held that “ proof of the slightest loss of service or the most trivial injury, if the direct result of the unlawful act, is sufficient to uphold the action.”
Lord Eldon, in Bedford v. McKnowl, 3 Esp., 119, said: “ In point of form the action only purports to give *230 a recompense for the loss of service, but we cannot shut our eyes to the fact that this is an action brought by the parent for an injury to her child. In such a case I am of opinion that the jury may take into consideration all that she can feel from the nature of the loss. They may look on her as losing the comfort as well as the service of her daughter, in whose virtue she can feel no consolation, and as the parent of other children whose morals may he corrupted by her example.”
It has been laid down that actions of this sort are brought for example’s sake, and although the plaintiff’s loss may be pecuniarily small, yet the jury do ‘right in giving liberal damages. Wood’s Mayne on Damages, 659.
Decided by these rules the verdict was not excessive, the jury were warranted in finding as they did, and the judgment and order appealed from must be affirmed, with costs.
Freedman, P. J., and Gildersleeve, J., concurred.