Bayles v. Burgard.

## Bayles v. Burgard.

1. *Relation of Master and Servant in Actions for Seduction.*—Where it appeared that a daughter, though an adult, had, since arriving at her majority, resided with her father as one of his family the same as when in her minority, and had since her mother's death, a period of seven

years, been his housekeeper and cared for his minor children, occasionally, with her father's consent, doing washing and other housework away from their home, etc., *it was held* that the relation of servant to her father was sufficiently shown to sustain an action for the seduction of the daughter.

2. *What is Necessary to be Shown.*—Only slight acts of service are necessary to create the relation of master and servant when an adult daughter resides with her father so as to enable him to maintain an action for her seduction.

3. *Loss of Service—Constituents of the Action.*—Loss of service is theoretically necessary to support an action for seduction, but only slight evidence of such loss is required for the reason that the loss of the comfort and society of the daughter and honor of the father and the family are the real constituents of the action.

4. *Special Verdicts.*—Special verdicts should not be asked upon immaterial and inconclusive actions.

**Memorandum.**—Action for seduction. Writ of error to the Circuit Court of McDonough County, to reverse a judgment of $750 for plaintiff below; the Hon. Charles J. Scofield, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the case.

## Plaintiff's Brief.

In order for the plaintiff below to recover he must show that he had the legal right to control the services of his daughter at the time of the alleged seduction. Ball v. Bruce, 21 Ill. 161; White v. Murtland, 71 Ill. 250; Anderson v. Ryan, 3 Gilm. 583. Plaintiff must prove a seduction before damages can be awarded to him. Sedgwick on Damages, 682; White v. Murtland, 71 Ill. 250. If a special finding is submitted to the court, which is pertinent to the issues and necessarily to be determined by the jury, the court must give it to the jury. Bent v. Philbrick, 16 Kan. 190. Each special finding submitted to the jury should be limited to a single direct and material controverted issue of fact and should be so framed as to admit of a positive, direct and intelligible answer. Jewell v. Chicago, etc., R. R. Co., 54 Wis. 610; Carroll v. Bohan, 43 Wis. 218; Rosser et al. v. Barnes et al., 16 Ind. 502.

BREEDEN & SWITZER, and AGNEW & VOSE, attorneys for plaintiff in error.

### BRIEF OF DEFENDANT IN ERROR.

All that is necessary for the plaintiff to show upon that issue is, that he is the father of the girl; that she resided with him and performed services for him at the time the alleged seduction and abortion took place. 3 Sutherland on Damages, 738; Anderson v. Ryan, 3 Gilman, 583; Ball v. Bruce, 21 Ill. 161; Gray v. Durland, 51 N. Y. 424; Lipe v. Eisenlerd, 32 N. Y. 229.

The court may modify a question offered for special finding by the jury, so that the same shall have reference to an issue as made by the pleadings in the case, in regard to a fact that must be affirmatively shown before a verdict can be sustained. C. & N. W. Ry. Co. v. Bouck, 33 Ill. App. 123; T. H. & I. Ry. Co. v. Voelker, 31 Ill. App. 315; C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 146.

Special findings that are immaterial, inconclusive, those which draw legal conclusions only, and those which find the evidence only and not the fact, should not be submitted. Mays v. Foster, 26 Kan. 518; Peckdolt v. Grand Rapids & C. R. R. Co., 15 N. E. Rep. 686; Sanders v. Weelburg, 107 Ind. 266; 2 Thompson on Trials, 2038; L. E. & W. R. R. Co. v. Morain, 36 Ill. App. 632.

H. H. HARRIS and PONTIOUS & MICKEY, attorneys for defendant in error.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

Burgard obtained a judgment in the court below against Bayles for the seduction of an adult daughter, to reverse which judgment this writ of error was sued out.

The daughter, though an adult, had, since arriving at her majority, resided with her father as one of his family the same as while a minor. Since her mother's death, and for a period of seven years, she had been his housekeeper and cared for his minor children. She occasionally, with her father's

consent, did washing and other housework away from their home, her earnings on such occasions being divided between them. When the sexual intercourse complained of occurred she was thus temporarily at the house of Bayles, by an arrangement made by Bayles with the father.

The relation of servant to the plaintiff is, we think, sufficiently shown. Only slight acts of service are necessary to create the relation and sustain the right of action for seduction where an adult daughter resides with the father. Ball v. Bruce, 21 Ill. 161; Greenleaf Evidence, 2 Vol., Sec. 576.

We think there is sufficient evidence to uphold a verdict of seduction by the plaintiff in error, and loss of service to the plaintiff below, occasioned thereby.

Loss of service is theoretically necessary to support an action for seduction, but only slight evidence of such loss is required, for the reason that the loss of the comfort and society of the daughter and of the honor of the father and the family, are the real constituents of the cause of action.

The refusal to give instruction No. 7 does not warrant a reversal.

The principle imperfectly announced in this instruction is fully and correctly given in the second instruction on behalf of the plaintiff in error. Nor was it error to refuse to submit the special verdict asked by the appellants.

Special verdicts should not be asked upon immaterial and inconclusive questions.

The ultimate fact, not the evidence supposed to support such fact, should be asked for. The court might, we think, have properly refused to submit each of the special questions asked by the plaintiff in error, and, as modified by the court, they were still more favorable to the plaintiff than the law warranted.

We do not find any such error as demands a reversal, and think the judgment right upon the merits. It must be affirmed.