WILLIAM W. MIDDLETON v. GEORGE R. NICHOLS.

Submitted July 12, 1898—Decided November 7, 1898.

1. In an action by a father for the seduction of his minor daughter, he is not only entitled to recover damages for the loss of service by her to him in his family, and the expenses of pregnancy and sickness attendant thereon, but also compensation for the humiliation and disgrace brought upon himself and his family, and for the mental anguish suffered by reason of the ruin of his daughter and the dishonor to his household. Damages are given to the plaintiff standing in the relation of parent.

2. The question whether proof of the loss of actual service by his daughter is necessary to sustain the action, considered.

On application for rule to show cause why the verdict against the defendant should not be set aside.

Before Justices LIPPINCOTT and GUMMERE.

For the plaintiff, *William H. Morrow* and *John I. Blair Reiley.*

For the defendant, *Irwin W. Schultz.*

The opinion of the court was delivered by

LIPPINCOTT, J.   On this application there was presented a transcript of the entire evidence in the cause on the trial at the Circuit and the charge of the trial justice to the jury, and full argument has been had before this court on both sides.

No objections were made or exception taken raising any question of the erroneous admission of evidence or to the charge of the court to the jury.

The action is one by the father to recover damages for the seduction of his daughter by the defendant, in behalf of whom this application for a rule to show cause why the verdict against him should be set aside is made.   The daughter became pregnant and was delivered of a child, and died about three weeks after delivery.   She was about sixteen years of age at the time of her death.

Whether actual loss of service is necessary to maintain this action it is not necessary to decide.   I have always understood the principle to be that if the relation of servant to the father be established, that is all that is necessary to sustain the action, and that the service may have been either actual or constructive of which the father was deprived.

"Whilst the daughter is under age and is maintained by the parent, he always has sufficient interest in her labor and services to afford a foundation for this action."   Chief Justice Kinsey, in *Van Horn* v. *Freeman*, 1 *Halst.* 322.   This was the doctrine approved by the text of the opinion in *Ogborn* v. *Francis*, 15 *Vroom* 441, and seems to be the rule in all the well-considered cases which have been brought to my attention.   The right to control, with the actual control of, her services, if any were rendered or are to be rendered to him, seems to be the test or gravamen of the right of action.   She may have been in the service of a third person at the time of the seduction, provided that the case be such that the father had the legal right to her services and might have commanded them at pleasure.   *Barthy* v. *Richtmyer*, 4 *N. Y.* 38.

It is only necessary to show that the parent has the legal right at the time to command the service of the child, and

the English rule, so far as it requires actual service or actual residence with the father at the time, has been thus modified by American courts.  *White* v. *Mintland,* 71 *Ill.* 250.

In case of a minor it is immaterial whether she lives with her father or not.  If she be at school, abroad, she is his servant—that is, he has a right to her services and can recall her when he pleases.  *Reeve Dom. Rel.* (4th ed.) 363, 364.

If any other rule prevailed no action could be maintained for this injury in the higher ranks of life, where no actual services are usually performed or expected to be performed. *Maimder* v. *Venn, Moo. & M.* 323.  And in this latter case Mr. Justice Littledale said to the jury: " Proof of any acts of service was unnecessary.  It was sufficient that she was living with her father, forming a part of his family and liable to his control and command."

" The law seems to be settled that when the daughter, at the time of her seduction, is under the age of twenty-one years, and the father was then entitled to her services and attentions, the law conclusively presumes that the relation of master and servant exists between them, although, at the time of the seduction; she may be in the actual service of another, under a contract made by herself for her own benefit." *Hudkins* v. *Haskins,* 22 *W. Va.* 645; 21 *Am. & Eng. Encycl. L.* 1016 and cases cited.

Cases are numerous when the father, by his own act, has emancipated his daughter from his control, or released his right to her services, or has abandoned her, the right of action has been denied.  21 *Am. & Eng. Encycl. L.* 1015, 1020.

But the loss of actual service in this case was amply established and not disputed.  All cases unite in declaring that the proof of the slightest service, of which the parent has been deprived, is all that is necessary.

In this case it is conceded that the daughter was under age, and that the father was legally entitled to her services.  The evidence is uncontradicted that the plaintiff, as her father, had the benefit of services rendered by her to him.  She made her home in his household, and when at home she assisted

her mother in performing household duties. This was a service to the father. He also received her wages that she obtained for her work in the factory in which she was employed at times, and the wages were expended by her father for her clothing partly, and partly for other family needs. This was the situation at the time of the seduction.

His right of action, therefore, was established beyond dispute.

The testimony bearing upon the question whether the defendant was guilty of the seduction, is quite voluminous. The plaintiff produced a very strong chain of circumstantial evidence tending to establish his guilt, and some evidence of quite a positive character. The defendant denied his guilt, and produced evidence to corroborate him in his contention and in denial of the evidence produced by the plaintiff.

The jury determined against him upon this question. This question was one of fact, and was left by the trial justice to the jury with the precautionary instruction that the burden was upon the plaintiff to establish the guilt of the defendant to the satisfaction of the jury by a preponderance of proof, and that if the guilt was not so established the verdict should be for the defendant.

We have reviewed the evidence with care, and there appears no legal ground why the verdict of the jury upon this question should be disturbed. The conclusion reached is that the verdict is not against the evidence nor the weight of it, and it cannot be said that the jury did not find in this respect in the direction in which the preponderance of proof rested.

The only other objection to the verdict is that it was excessive. The verdict was for the sum of $2,000. This contention of the defendant seems to be founded upon the idea that the plaintiff was entitled to recover only the financial value of the services of his daughter in his household, or otherwise, until she should arrive at the age of twenty-one years or until she should be otherwise emancipated from such service, and the expenses of her confinement and sickness attendant thereon.

But this view of the measure or elements of damage in this class of actions is, at this day, an entirely erroneous one.

Whatever the anomaly may be between the basis of this action and the measure or elements of damages recoverable on such basis, it is well established now that not only is the value of the loss of service and the expenses of pregnancy and sickness recoverable, but compensation can be made to the parent for the humiliation and disgrace brought upon himself and his family, and for the mental anguish suffered by reason of the ruin of his daughter and the dishonor of his household. The loss of service is not the rule of damage. It has been said that "it is scarcely an item in the account." The real ground of damage is the disgrace of the family. The loss of service in many, in most, instances could hardly be accounted anything, and yet often where the least service is, or can be, performed the highest damages can be given. The loss of service is but one step to that high plane of injury and wrong for which the parent is entitled to compensation. Damages are given to the plaintiff standing in the relation of parent. *Barbour* v. *Stephenson,* 32 *Fed. Rep.* 66; *Simpson* v. *Grayson,* 45 *Ark.* 404; *Reeve Dom. Rel.* (4th ed.) 362; *Terry* v. *Hutchinson, L. R.,* 3 *Q. B.* 602; *Coon* v. *Moffett, Pen.* 583; *Van Horn* v. *Freeman,* 1 *Halst.* 322; *Ogborn* v. *Francis,* 15 *Vroom* 441; *Hudkins* v. *Haskins,* 22 *W. Va.* 645; *Hatch* v. *Fuller,* 131 *Mass.* 574; *Wilds* v. *Bogan,* 57 *Ind.* 453; *Bedford* v. *McKnowl,* 3 *Est. Pl. & For.* 119; *White* v. *Mintland,* 71 *Ill.* 250; *Herring* v. *Jester,* 2 *Houst.* 66.

The plaintiff was the head of a family consisting of himself, his wife and other children, and the evidence shows that they were in all respects an estimable family, and in good repute in the community in which they resided.

No incorrectness or error whatever is found in the instructions of the trial justice as to the principles of law to be applied by the jury in order to ascertain proper damages, and they were in no wise excessive, nor can it be ascertained that the award was the product of any feeling, bias or prejudice against the defendant.

The application for the rule is refused.