IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1899.

---

### EDWIN CLARK v. J. TAYLOR CLARK.

Argued November 2, 1898—Decided February 27, 1899.

1. A count for enticing away a servant from the master's service will not disclose a good cause of action unless it shows that the defendant had knowledge that the relation of master and servant existed.
2. A count charging that defendant carnally knew the daughter and servant of plaintiff on a certain day and divers days thereafter, whereby she became unable to do plaintiff's affairs and thereby plaintiff was deprived of her services, discloses a good cause of action.

---

On demurrer to two counts of the declaration.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON and GARRISON.

For the demurrant, *Lindley M. Garrison.*

For the plaintiff, *James A. Gordon.*

VOL. XXXIV.        1

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The first count of the declaration charges the defendant with enticing, persuading and procuring a daughter and servant of the plaintiff to depart out of his service, whereby plaintiff lost the benefit of her services.

The demurrer to this count is well taken on the ground stated in the causes of demurrer, viz., that it fails to allege or show that the defendant had any knowledge that the daughter was the servant of the plaintiff. In the absence of allegations of knowledge on the part of the defendant or notice to him that the services of the servant were due to the master, no actionable wrong is disclosed by a charge of enticing the servant to depart from the service. *Blake* v. *Lanyon,* 6 *T. R.* 221; 2 *Chit. Pl.* 643, *note e;* 8 *Went.* 458.

The third count charges the defendant with debauching and carnally knowing the daughter and servant of the plaintiff, whereby she became and remained unable to do and perform the plaintiff's affairs, and thereby he was deprived of her services.

This count fails to allege knowledge by the defendant that the daughter was the servant of the plaintiff, but it is not claimed that such allegation is essential to show a cause of action, and it clearly is not so. 2 *Chit. Pl.* 644, *note a; Sm. Mast. & S.* \*175.

The claim under the demurrer to the count is that it fails to disclose any fact showing that the carnal intercourse caused loss of service to the plaintiff.

The gist of the kind of action disclosed in this count is the loss of the service of the child. *Ogborn* v. *Francis,* 15 *Vroom* 441. When the right of a father to the service of a child is interfered with by tortious acts the father's damages are not necessarily confined to compensation for the loss of the child's services, but he may be awarded further compensation for the injury to his feelings. *Magee* v. *Holland,* 3 *Dutcher* 86. As the parental feelings may be aggravated by the public disgrace of his child when she is seduced and becomes pregnant

and bears a child to her seducer, it is common in cases of that character to include an allegation of the facts and also to allege expenditure of money in the case of the seduced child. Whether such allegations are necessary to enable the plaintiff to recover for such expenses or for the aggravated injury to his feelings need not be now determined, for the action will lie when the debauching of the child did not result in pregnancy. *Van Horn* v. *Freeman*, 1 *Halst.* 322.

If the allegations of this count confine the plaintiff to such damages as will compensate him for the mere loss of service of his daughter, a good cause of action for such loss is disclosed by the charge that the defendant had carnal knowledge of the daughter on the 5th day of August, 1897, and on divers days thereafter up to July 16th, 1898, and she thereby became unable to perform the father's service, *per quod* he lost such service.

The demurrer to this count must be overruled.