CHRISTIAN ANDERSON AND BERTHA ANDERSON v GEORGE H. RIGG.

Argued November 10 and 13, 1899—Decided February 26, 1900.

1. In an action by a parent for the seduction of a child, the gist of the action is the loss of the service of the child, and in the absence of such loss there can be no recovery.

2. In an action by husband and wife for the seduction of the daughter of the wife by a prior marriage, by the allegation in the declaration that the daughter was the servant of the wife, and that the wife was deprived of her services by the act of the defendant, the right of action is shown to be in the wife and not in the husband alone. In such an action the husband and wife are properly joined as plaintiffs.

---

On demurrer to *narr.*

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiffs, *Voorhees & Booraem.*

For the defendant, *Ernest Watts* and *Alan H. Strong.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The declaration sets forth that the defendant debauched Hannah Adam, the daughter and servant of said Bertha Anderson, the wife of Christian Anderson, whereby the said Hannah became pregnant and was unable to render to said Bertha the service due to her.

To this declaration the defendant filed a general demurrer, and specified as cause for demurrer that the plaintiffs were improperly joined in the action.

It has been repeatedly adjudged in this court that in an action by a parent for the seduction of a daughter it is necessary to show that they stood in the relation of master and servant at the time of committing the injury by the defendant.   The loss of service may be small, but the fact of such loss must be proved in order to sustain the action.   *Sutton* v. *Huffman*, 3 *Vroom* 58 ; *Wert* v. *Strouse*, 9 *Id.* 184 ; *Ogborn* v. *Francis*, 15 *Id.* 441 ; *Middleton* v. *Nichols*, 33 *Vroom* 636.

In Ogborn *v.* Francis the opinion of the court, delivered by Chief Justice Beasley, holds that in an action by a father for the seduction of his daughter, the gist of the action is the loss of the service of the child, and in the absence of proof of such loss there can be no recovery.   The facts of the parental relation, that the child was a minor, and the seduction, will not alone justify an action, but he cites with full approbation the declaration of Chief Justice Kinsey in *Van Horn* v. *Freeman*, 1 *Halst.* 322, that the slightest evidence of loss of service is sufficient to support this part of the case, and that whilst the daughter is under age and is maintained by the parent he always has sufficient interest in her labor and services to afford a foundation for the action.

The plaintiff's action in Ogborn *v.* Francis failed because, at the time of the incontinence, the daughter, with the implied

assent of the parent, was in the service of another person by force of a contract for a definite period, and consequently there was no reasonable ground upon which either an actual or constructive service to the plaintiff could be predicated.

Mr. Chitty, in his work on " Pleading," says that where husband and wife are joined as plaintiffs care must be taken not to include in the declaration any statement of a cause of action for which the husband alone ought to sue, otherwise demurrer will lie.

This was accepted as the correct rule of pleading in *Harrison* v. *Newkirk, Spenc.* 176.

Two questions therefore arise on this demurrer:

*First.* Does the declaration state any cause of action in the husband alone?

There is no averment of a right in the husband to the service of Hannah Adam, nor is there the presence of any fact from which the husband's right to her service can be implied, and consequently the husband, so far as appears, having suffered no deprivation of service, is without a right of action on his own behalf.

The averment is express that Hannah was the servant of the wife and that the wife lost her services by reason of the alleged seduction by the defendant.

The wife, therefore, has the right of action; and this leads to the *second* question—whether, in maintaining this action, the husband is properly joined with her?

We think this question must be decided in the affirmative under the opinion in the Court of Errors and Appeals in *Pennsylvania Railroad Co.* v. *Goodenough*, 26 *Vroom* 577. No such substantial distinction can be drawn between the two cases as will justify a different rule.

To sustain the action the burden will rest upon the plaintiffs to show that the daughter was the servant of the wife and not of the husband, and failing in that, there can be no recovery in this suit.

The demurrer is overruled, with costs.