19 N.J. Super. 67 (1952)
88 A.2d 7
SAMUEL AMATRUDI AND ANOTHER, ETC., PLAINTIFFS-APPELLANTS,
v.
WILLIAM WATSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1952.
Decided April 17, 1952.
*68 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Sylvester S. Garfield argued the cause for the appellants.
Mr. Michael A. Dwyer argued the cause for the respondents (Messrs. Doughty & Dwyer, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff-appellants were co-partners carrying on the business of cleaning buildings and other structures by means of sand blasts. They had in their employ a foreman named Communale. The defendant saw Communale and three laborers at work one day and engaged them to come that afternoon and sandblast the floor of his swimming pool. Work on the pool took four or five hours. Defendant paid Communale $80, the price which they had agreed upon, and Communale kept part of it for himself and divided the balance among the laborers. Plaintiffs got nothing. Now we come to the only factual dispute. Communale *69 testifies that when defendant first approached him, he told defendant to call at plaintiffs' office where he would be given an estimate. But defendant countered with "Does the boss have to know about it?" After further parley, Communale agreed that he and the laborers (whom he consulted) would do the job on their own account, and would split the money among themselves. Defendant denies the essence of the testimony. He testified that he assumed that Communale was his own boss, and dealt with him in entire good faith and in ignorance that Communale was an employee of plaintiffs or of anyone else.
The plaintiffs' complaint sets forth that at the defendant's request, they sandblasted the floor of his swimming pool and that the reasonable value of their services was $250 and demanded judgment in that sum. There was, of course, no express contract or contract implied in fact between the plaintiffs and defendant. There was no meeting of the minds, no intention that there be a contract between them. It is plaintiffs' theory that a quasi-contract or obligation imposed by law rose from the defendant's tortious conduct. Restatement, Restitution, § 3.
The compressor, hose and other equipment used for cleaning defendant's swimming pool belonged to plaintiffs, as did the sand which was used and the greater part of which was lost in the operation. Plaintiffs could recover the value of the use, or reasonable rental value of their sand and equipment, even though defendant believed that Communale was the owner of it. Restatement, Restitution, § 128, illustrations 4 and 20. But plaintiffs did not prove what the use was worth, and hence there was no basis for a judgment on that item taken separately.
But restitution for the value of the services of Communale and the three laborers, or for the value of cleaning the pool  taking the operation as a unit  cannot be recovered if the defendant acted in good faith without notice that the men were employees of plaintiffs. A person who, knowing the premises, entices an employee to break a subsisting *70 contract of service, or to depart from his duty of loyal service to his employer, is guilty of a tort. Noice v. Brown, 39 N.J.L. 569 (Sup. Ct. 1877). But unless the defendant has knowledge or notice of the relation of master and servant, he is guilty of no actionable wrong. Clark v. Clark, 63 N.J.L. 1 (Sup. Ct. 1899). And see Restatement, Restitution, § 152, and Restatement, Agency, § 312.
Plaintiffs had the burden of proving defendant's scienter and relied in this respect on the testimony of Communale, the foreman. The trial judge reported that he adjudged from Communale's "coolness in admitting his testimony (sic) in the presence of his employer, and his demeanor on the stand that his testimony was incredible," and so he concluded that the plaintiffs did not sustain the burden of proof. The conflict in the testimony was sharp and we have no sufficient basis for disturbing the judgment.
Affirmed.